JAMES L. MINER v. CHARLES A. LORMAN.

*Tenancy in common—Joint lease—Authority to receive and apply rent—Payment—Landlord and tenant.*

1. One tenant in common of land has the right, as against a lessee holding under a lease executed by the tenants *jointly*, to receive and receipt for the *entire* rent.

2. Rent collected by one of two tenants in common upon a *joint* lease may be applied in payment of interest due on a mortgage executed by *both* tenants on the leased premises; but such tenant cannot apply his co-tenant's share of such rent in payment of a debt due from the co-tenant to the lessee, without his express authority.

3. A lessee, in the absence of notice of a conveyance by one of two *joint* lessors of his interest in the leased premises, is justified in paying the rent to the other lessor, who will receive it for the use and benefit of such grantor, and not of his grantee.

4. Where one of two *joint* lessors conveys his interest in a *distinct* portion of the leased premises to a *third* party, which premises are leased as a *whole* at a yearly rent, until the rent is apportioned by an agreement between the lessors and lessee and the grantee, the lessee is justified in paying the *whole* rent to the lessors; and if one of them receives it he must account to his co-lessor for one-half of such rent.

Error to Wayne. (Chambers, J.) Argued April 4, 1888 Decided May 11, 1888.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*William J. Gray,* for appellant.

*George H. Prentis,* for defendant.

Morse, J. The plaintiff sued defendant in an action of *assumpsit.*

A special count in the declaration averred that the parties were tenants in common of certain premises in Grosse Pointe, and that they leased such premises to the Belle Isle Ice Company at a rental of $1,300 per year, and that the defendant, on December 31, 1882, received such rent for the year 1882, and gave a receipt for the same in the name of Miner & Lorman; that the said plaintiff, being the owner of the undivided half of the premises leased, was the owner of and entitled to one-half of all the rents and profits arising from said premises; that the defendant refused to pay plaintiff the one-

half due and belonging to him of the said rent so received by the defendant, for the year 1882, for the use and benefit of the said plaintiff.

There was no material dispute about the facts. Miner and Lorman were the principal stockholders of the Belle Isle Ice Company. On January 2, 1883,—December 31, 1882, falling upon Sunday,—the plaintiff applied at the office of the company for his proportion of the rent. Mr. Sanderson, a book-keeper of the company, was in charge of the office, and showed Miner the following receipt:

"*The Belle Isle Ice Company*
" To Lorman & Miner, Dr.

To rent of lot 1 and half of lot 2 P. C. 26 Grosse
    Pointe_____ $300
To rent front of P. C. 725 steam power _____ 1,000
To rent part of lot 6 Guion farm, barn, and dock_____ 1,000

                                            $2,300
      " Received payment,          LORMAN & MINER."

—and refused to pay Miner any share of such rent.

Lorman gave this receipt on December 29, 1882, at which time he received $90 in cash upon the $300 item, and $210 was paid to one Mrs. Emmons, as interest upon a mortgage which she held upon lot 1 and half of lot 2. He also received but $121.64 upon the first item of $1,000. The balance of this amount, or at least the one-half of it, was applied by Lorman in payment of an account claimed by the Belle Isle Company against Miner. The other $1,000 is not in this suit. Sanderson was in the habit of paying the rent, and he claims that he took the receipt for the full amount to protect himself.

It also appears that on June 2, 1882, the plaintiff and wife quitclaimed to plaintiff's son, Stanley G. Miner, the land mentioned in the receipt on private claim 26, which convey-ance was recorded January 4, 1883.

The circuit judge instructed the jury that the plaintiff

could not recover any part of the rent for the premises on private claim 26, after it was conveyed to Stanley G. Miner, and that the receipt for the whole rent did not estop the defendant from showing that he received a less sum. He ordered a recovery for the plaintiff for whatever Lorman actually received of the rent belonging to plaintiff, less what Lorman might satisfy the jury he was entitled to deduct.

The plaintiff brings error.

The lease of both parcels of land was executed jointly by Lorman & Miner, in one instrument, without specifying the particular rental for each parcel, one sum being specified as the rent for the whole.

Two questions are presented:

1. Did the receipt of the defendant, in the name of Lorman & Miner, preclude him from showing that he actually received a less sum than the amount expressed in such receipt?

2. Under the pleadings and the facts, was the plaintiff entitled to recover the rent of the first parcel of land described in said receipt after his conveyance to his son, Stanley G. Miner?

The lease being a joint one, the defendant had the right as against the company to receive and receipt for the rent. It must be considered, we think, the same as if Lorman had received the full $1,300 in cash of the Belle Isle Ice Company. The payment of the interest to Mrs. Emmons, and the payment of the account claimed by the company against Miner, was his act, and the same in law as if, after receiving the $1,300 in cash, he had used the money thus received, or a portion of it, to pay the same. He had no express authority from Miner to make these payments as shown by the record. It was his duty, and the burden was upon him, to show that he was expressly or impliedly authorized to use Miner's money towards the payment of these obligations, and that they justly existed. By the transaction he virtually received $650 which in equity and good conscience belonged

to Miner, and it was for him to establish a good reason, if any existed, why he should not pay the whole of that sum over to Miner.

It appears from the record that Mrs. Emmons held a mortgage, given by Lorman & Miner, upon the parcel conveyed by Miner to his son, upon which there was due as interest the sum of $210. We think that Lorman had a right to use the joint rent to pay this joint indebtedness to Mrs. Emmons upon the identical land from which the rent was received. But the record shows no right on his part to settle any debt of Miner's to the Belle Isle Ice Company. He should therefore have accounted to Miner for the full half of the $1,000 received by him for the rent of the second parcel of land described in the receipt. The receipt is conclusive that he received the money under the circumstances of this case as before shown, and it was therefore upon him to show that he had authority to make the turn as he did with the company as to the purported debt of Miner. It follows, therefore, that the court erred in directing the jury as he did. There is no doubt, upon the record before us, that Miner was entitled to recover the $500, and interest thereon, less any legal offsets shown by Lorman.

Miner's conveyance to his son Stanley G. bears date June 2, 1882, which conveyance, it was ruled by the court, entitled Stanley to the rent of the first parcel from that date to the end of the term. It was also held that the father could not recover for the same in this action. If this ruling be correct, Lorman drew from the Belle Isle Ice Company seven months' rent belonging to Stanley G. Miner. But in paying the interest to Mrs. Emmons he also paid seven months' interest for Stanley G. The half of the $90 remaining after the payment of such interest would, under the theory of the circuit judge, belong to the father and the son in the proportion of five parts to seven parts of the whole. Stanley G. would be entitled to $26.25 of the $45.

It is claimed by defendant's counsel that the quitclaim deed carried with it this proportion of the rent to Stanley G., and the mere allegation in the declaration that plaintiff brings the suit "for the use and benefit of himself and Stanley G. Miner," without averring any assignment of the rent from Stanley G. to himself, is not sufficient to support his claim to recover the full half of the year's rent. No such assignment was shown in the proof.

We do not care to discuss the effect of this quitclaim deed, which is not set out in the record, as to this small balance of rent, or the sufficiency of the declaration in respect to the recovery of it.

The deed was not recorded until January 4, 1883. There is nothing to show that, at the time the ice company paid the rent to Lorman, either the company or Lorman had any notice that the transfer of the land to Stanley G. had been made. The company was therefore justified in paying the rent to Lorman for himself and the plaintiff, and Lorman received it for the use and benefit of the plaintiff, and not for Stanley G.

Nor was there any evidence that the son had ever made any claim for it. We think the plaintiff is entitled to recover it from Lorman, and the equities between father and son, if any exist, are to be settled between them. Lorman would have been justified in paying such rent over to the plaintiff when it was demanded, and he is not authorized, after commencement of this suit, to set up in defense of the same a claim in behalf of Stanley G. which the son has never preferred against his father, nor empowered defendant to make in his behalf.

And the record also shows that the lease in this case covered other property than that conveyed to Stanley G. Miner, and the property was leased as a whole for the sum of $1,300. The tenant, the Belle Isle Ice Company, could not tell how the rent was apportioned as to the different parcels, and what

proportion it should pay upon the property conveyed to young Miner. Until there was an attornment, or an agreement between the lessors, lessee, and Stanley G. Miner as to what share of the rent, payable under this lease, belonged to Stanley G., the ice company was justified in paying the whole rent to the lessors, and Lorman, having received such rent, must account to the plaintiff for one-half of it.

The judgment must be reversed, and a new trial granted, with cos's.

The other Justices concurred.