## CONNER, ADMINISTRATOR, *v.* MARTIN.

[No. 7,335.    Filed June 8, 1910.]

1. BILLS AND NOTES.—*Cancelation.—Destruction. — Lost Instruments.*—A note which has been voluntarily destroyed by the payee in order to cancel the evidence of indebtedness thereof cannot be sued upon as a lost instrument, nor can the debt evidenced thereby be collected. p. 143.

2. BILLS AND NOTES.—*Voluntary Cancelation.—Evidence.—Circumstantial.*—Evidence that upon the death of the uncle of the maker of the note in controversy the note could not be found, that such uncle was aged, and had an abundance, that he had no wife nor descendants, that the maker of the note was his nephew, that he was paralyzed, and that the uncle was warmly attached to him, that he told such nephew and his wife "that the note would never bother them," and that the note in controversy was the only note in existence, constitutes sufficient circumstantial evi-

dence to support a verdict that such uncle voluntarily forgave the debt and canceled the note. p. 144.

3. APPEAL.—*Weighing Evidence.*—The weight of the evidence is a question for the trial court., p. 145.

4. BILLS AND NOTES.—*Cancelation.*—*Presumptions.* — *Evidence.* — There is a presumption that a note in the hands of the payee is unpaid; but such presumption may be overthrown by evidence of the voluntary cancelation of the note by such payee. p. 145.

5. EVIDENCE.—*Declarations of Agent.*—*Husband and Wife.*—Declarations of a wife outside the scope of her agency in transacting the business of her husband, are not admissible against him. p. 145.

6. APPEAL.—*Mandate.*—*Death.*—Where appellee dies pending an appeal, an affirmance of the judgment will be made as of the date of the submission of the cause. p. 145.

From Superior Court of Marion County (73,962); *Lawson M. Harvey,* Judge.

Action by William A. Conner, as administrator of the estate of Ambrose S. Martin, deceased, against Thomas S. Martin. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Charles T. Hanna* and *Thomas A. Daily,* for appellant.

*Alexander C. Ayres, Aquilla Q. Jones* and *Walter D. Jones,* for appellee.

RABB, J.—The appellant, as administrator of the estate of Ambrose S. Martin, deceased, brought this action against appellee in the court below. The first and second paragraphs of the complaint counted on a lost note alleged to have been executed by appellee to appellant's decedent, the third and fourth paragraphs counted on money lent by said decedent to appellee. Appellee answered by general denial, a plea of payment, and a plea alleging settlement, and another one averring the forgiveness of the debt sued on by appellant's decedent.

The cause was tried by the court, resulting in a finding and judgment in favor of appellee.

The errors relied on for reversal are the insufficiency of

the evidence to sustain the finding, and the action of the court in refusing to permit appellant to prove certain statements made by appellee's wife.

It appears from the evidence that decedent was appellee's uncle; that he was at the time of his death an aged, childless widower; that he was a man of considerable property; that he and appellee were neighbors and on terms of close intimacy; that some years prior to the death of the decedent he lent appellee $1,000, which was evidenced by appellee's promissory note to him; that some considerable time after the loan was made, appellee was stricken with paralysis, and became a helpless invalid, both his mind and body being greatly affected by the disease; that while he was in this condition decedent visited him almost daily, and told appellee and his wife on the occasion of one of such visits that they need not bother themselves about that note, saying: "That will never bother you one minute." Sometime afterwards, and while appellee still continued in such helpless condition, appellant's decedent died, and although search was made among his papers, the note given by appellee to appellant's decedent, for said loan, could not be found.

There is no question but that the debt sued on was evidenced by appellee's promissory note, and that it was never paid. Conceding, without deciding, that appellant

1.    while holding appellee's note might maintain an action against him on the debt in consideration of which the note was given, still, if the note was voluntarily destroyed by appellant's decedent, for the purpose of destroying the evidence of the debt and canceling the note, it is clear that no action could be maintained upon the note as a lost instrument, nor to recover judgment against the maker on the debt which the note evidenced. *Joannes* v. *Bennett* (1862), 5 Allen 169, 81 Am. Dec. 738; *Angel* v. *Felton* (1811), 8 Johns. 149; *Fisher* v. *Mershong* (1814), 3 Bibbs

527; *Blade* v. *Noland* (1834), 12 Wend. *173, 27 Am. Dec. 126; *Broadwell* v. *Stiles* (1824), 3 Halst. (N. J. L.) 71; *Nagel* v. *Mignot* (1820), 7 Martin O. S. (La.) *657.

It is appellant's theory that the note was lost by the decedent. It is appellee's theory that the note was not lost, but that it was voluntarily destroyed by decedent, for the purpose of canceling it.

It is earnestly insisted by appellant that the statement made by decedent to appellee and his wife—that the note would never bother them—is not sufficient to establish a gift or forgiveness of the debt on part of decedent, and we agree with appellant that this expression alone, unaccompanied by any act of the alleged donor, is not sufficient to show a valid gift, but such is not the question presented on this appeal. The question here is, Was there sufficient evidence to show that decedent destroyed the note for the purpose of canceling it? And this fact may be established by circumstantial evidence. The circumstances that tend to establish this fact, as they appear from the evidence, are: (1) The note, which presumably was in the possession of decedent, could not, upon his death, be found among his papers. (2) The holder of the note was an aged man of abundant means, without wife or descendants, and the maker of the note was his nephew. The court might well presume, from the evidence, that he had a warm attachment for the nephew, a man of family and grievously afflicted. (3) A short time prior to his death, he told appellee that the note would never bother him. There was no note but the one here sued on to which this statement could have referred, and we think this statement justified the inference that the holder of the note intended to make some disposition of it that would prevent its disturbing the peace of mind of appellee and his family, and that its disappearance is to be attributed to this purpose in decedent's mind, and to his own voluntary act in carrying it into effect.

The trial court is the judge of the evidence, its weight

and the proper inferences to be drawn from facts and circumstances disclosed by the evidence, and we cannot

3. disturb the finding of the trial court, unless the inference drawn by it was entirely unwarranted by the circumstances. No doubt the court might have found the other way upon this question, but we are not to reverse the case for this reason.

It is true that a presumption exists that one who is shown to be the owner of a note continues to own and hold it until the presumption is overthrown by evidence. This,

4. however, is but a presumption that disappears when evidentiary circumstances render it probable that the fact is otherwise, and such evidentiary circumstances appear in this case.

Nor can we agree with appellant's contention, that the court below erred in excluding the statement and admissions of appellee's wife, sought to be introduced in

5. evidence. The ground upon which it is claimed this evidence was competent was that the wife, at the time of making the statements, was shown to be the agent of her husband. She was the agent of her husband by force of circumstances, and not by appointment. She was authorized to transact only such business as the circumstances required that she should transact. The admissions and statements sought to be introduced in evidence were entirely outside of the authority conferred upon her by such forced agency. It appearing that since the submission of

6. this appeal appellee has died, the judgment of the court below is affirmed as of the date of the submission of the cause.