## BRONNENBERG ET AL. *v.* INDIANA UNION TRACTION COMPANY ET AL.

### [No. 9,109. Filed October 8, 1915.]

1. TRIAL.—*Inferences from Facts Proved.—Evidence.—Sufficiency.* —It is not essential that a fact be proved by direct or positive evidence, since the court or jury may draw any reasonable inference of fact from the evidence, and it is sufficient if the inference may reasonably be drawn from facts and circumstances which the evidence tends to establish. p. 498.

2. APPEAL.—*Review.—Findings.—Conclusiveness.*—The finding of the trial court that a certain defendant received notice of plaintiff's election to purchase certain property pursuant to an option thereon, was conclusive where there was not a total failure of evidence to prove such notice. p. 499.

3. SPECIFIC PERFORMANCE.—*Contract to Sell Real Estate.—Tenants in Common.—Notice.—Sufficiency.*—In a suit against tenants in common for the specific performance of a contract to convey, where it was conceded that there was a tender and demand made on one of the defendants, the notice was sufficient to sustain a decree even though there was no evidence of a similar tender or demand as to the other defendants, since where tenants in common are jointly pursuing a common purpose of selling, leasing, or managing their real estate, notice to one in matters pertaining thereto is notice to all. p. 499.

4. SPECIFIC PERFORMANCE.— *Conditions Precedent.— Necessity for Notice or Demand.—Tender.*—Notice or demand to convey and a tender of the purchase price is not required as a condition precedent to a suit for specific performance of a contract for the sale of real estate, where the vendor evinces an intention not to perform and denies the right of the purchaser to enforce the conveyance in pursuance to such contract. p. 499.

5. APPEAL.—*Review.—Decree.—Failure to Provide Interest.*—Appellants are not entitled to a reversal of a decree for the specific performance of a contract to sell real estate, for failure to provide for the payment of interest, where no motion was made to modify the decree in that respect, and especially where it does not appear that their failure to receive the money from the purchaser was due to any fault of the latter, or that the purchaser used the money or derived any benefit from it. p. 500.

6. APPEAL.— *Review.— Parties.— Change of Names.*— Appellants from a decree for specific performance to convey were not deprived of any substantial right by the fact that after suit was commenced plaintiff railroad company was consolidated with another, and the consequent change of names, where the real party, in interest continued to prosecute the suit to final judgment and on appeal. p. 500.

7. APPEAL.—*Review.—Affirmance.*—Where the case seems to have been fairly tried on the merits, resulting in substantial justice between the parties, the judgment will be affirmed. p. 500.

From Hamilton Circuit Court; *Meade Vestal*, Judge.

Suit for specific performance by the Indiana Union Traction Company against Calvin A. Bronnenberg and others. From the decree, the defendants Calvin A. and Susan Bronnenberg appeal. *Affirmed.*

*Ellis & Ellison* and *Joseph A. Roberts*, for appellants.

*Kittinger & Diven*, for appellees.

FELT, J.—This suit was instituted by appellee, Indiana Union Traction Company, against the appellants and the appellees, Ransom Bronnenberg, Sarah Bronnenberg and Anderson Trust Company, to enforce specific performance of a written contract, for the sale of real estate, alleged to have been entered into by Calvin A., Ransom and Susan T. Bronnenberg, brothers and sister, who owned the real estate in equal shares as tenants in common. The complaint was in two paragraphs in which it was alleged in substance that said owners, on June 3, 1905, leased to Indiana Union Traction Company, 40 acres of real estate in Madison County, Indiana, known as "The Mounds" for ten years at an annual rental of $500, with the option of purchasing the land at $300 per acre provided the option was exercised within five years; that within five years the traction company notified said owners that it intended to purchase the real estate and performed all the conditions on its part to be performed to complete the purchase.

Ransom Bronnenberg filed a cross-complaint against appellees and his coparties to the contract, in which he alleged

his willingness to perform the contract and demanded specific performance thereof and payment to him of one-third the purchase money. The Anderson Trust Company filed an answer in which it admitted the allegations of the complaint, that it had agreed with the traction company to take the title to the real estate as trustees in pursuance of the provisions of the contract, and offered to abide the order and judgment of the court. The case was tried on issues formed by an answer of general denial to the complaint and also to the cross-complaint.

While the litigation was pending the plaintiff filed a supplemental complaint in which it alleged that the Indiana Union Traction Company had consolidated with another like corporation under the name of "Union Traction Company of Indiana" and that the latter company succeeded to the rights of the Indiana Union Traction Company and was ready and willing to pay for the land the contract price and demanded that the contract be specifically enforced.

The court made a special finding of facts and stated its conclusions of law thereon in favor of the traction company, that the contract be specifically performed by the appellants. Thereupon the court rendered judgment in substance that Calvin A. and Susan T. Bronnenberg each within thirty-three days execute to the "Anderson Trust Company as trustee herein for the Union Traction Company of Indiana, substituted plaintiff, their deed with full covenants of warranty" for said real estate which is specifically described; that such deed be delivered to the clerk of the court to be delivered to said grantee within said time on payment of $4,000 for each of said grantors, and also decreed the execution of a like deed by Ransom Bronnenberg on payment into court for his use and benefit of $4,000 with 6 per cent interest from September 29, 1910, the date on which he made tender of performance on his part. The court also appointed a commissioner to execute deeds to carry into effect the decree in

498     APPELLATE COURT OF INDIANA,

Bronnenberg *v.* Indiana Union Traction Co.—59 Ind. App. 495.

the event the parties failed to do so within the specified time.

The appellants excepted to the judgment. The record shows that the Union Traction Company of Indiana complied with the decree and brought the requisite amount of money into court to pay for the land and thereupon appellants prayed and were granted an appeal to the Supreme Court, from which court the case was transferred to the Appellate Court for want of jurisdiction. The appellants, Calvin A. and Susan T. Bronnenberg, each separately assign as error that (1) the court erred in each conclusion of law and (2) in overruling the separate motion of each appellant for a new trial.

The court found that each of the parties to the contract received notice within the specified time of the election of the traction company to purchase the property and that prior to the commencement of the suit Ransom Bronnenberg and Sarah, his wife, performed all the conditions of the contract by them to be performed to complete the purchase of the real estate. Appellants contend that there is no evidence to sustain the court's finding that Susan T. Bronnenberg received any notice of the election of the traction company to purchase the property in pursuance of its option; that the contract is joint and can not be enforced separately against each of the owners of the real estate; that the judgment is erroneous in ordering a conveyance to "Union Traction Company of Indiana" instead of the plaintiff to the suit, Indiana Union Traction Company; that in any event the judgment is erroneous for failure to provide for interest from date of the decree.

The court or jury trying a case may draw any reasonable inference of fact from the evidence. It is not essential that a fact be proven by direct or positive evidence, and 1. where it may reasonably be inferred from facts and circumstances which the evidence tends to establish

MAY TERM, 1915. 499

Bronnenberg *v.* Indiana Union Traction Co.—59 Ind. App. 495.

it will be sufficient on appeal. *Hedrick* v. *D. M. 2. Osborne & Co.* (1884), 99 Ind. 143, 147. There is not a total failure of evidence to prove notice to appellant, Susan T. Bronnenberg. Furthermore where 3. tenants in common are jointly pursuing the common purpose of selling, leasing or managing their real estate, notice to one in matters pertaining to such transactions is notice to all. *Neff* v. *Elder* (1907), 84 Ark. 277, 105 S. W. 260, 262, 120 Am. St. 67; *Steele* v. *Robertson* (1905), 75 Ark. 228, 87 S. W. 117, 118; *Ward* v. *Warren* (1880), 82 N. Y. 265, 269; *Miner* v. *Lorman* (1888), 70 Mich. 173, 38 N. W. 18, 19; *Grossman* v. *Lauber* (1868), 29 Ind. 618, 621; *Clifford* v. *Meyer* (1893), 6 Ind. App. 633, 638, 34 N. E. 23; 38 Cyc. 106. It is not denied that appellant, Calvin A. Bronnenberg, had notice, that tender was made to him and demand made upon him to execute the contract of sale. Therefore independent of the question of proof of notice to Susan T. Bronnenberg of the traction company's election to purchase the real estate on the terms specified in the contract, the notice was sufficient for the specific performance of the contract.

Appellees contend that the evidence shows that Susan T. Bronnenberg concealed herself to avoid service of notice upon her, and the making of a tender of the purchase 4. money to her personally, and a demand upon her for a conveyance of the land. Be this as it may, it appears from her testimony that she did not at any time intend to execute the contract of sale and denied the right of the traction company to enforce the conveyance of the real estate in pursuance of the contract. In this situation further notice or demand would have been unavailing and a useless ceremony which the law under such circumstances does not require as a condition precedent to the institution of a suit to enforce specific performance of a contract to convey real estate. *Jordan* v. *Johnson* (1912), 50 Ind. App. 213, 219,

98 N. E. 143; *Harshman* v. *Mitchell* (1889), 117 Ind. 312, 20 N. E. 228; *Burns* v. *Fox* (1888), 113 Ind. 205, 14 N. E. 541.

On the record before us appellants are not entitled to a reversal because the decree does not provide for interest. If the judgment rendered is right in other respects the remedy of appellants was by motion to modify the decree so as to provide for interest. No such motion was made. *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 271, 49 N. E. 1050; *Guynn* v. *Wabash, etc., Trust Co.* (1913), 53 Ind. App. 391, 396, 101 N. E. 738; *Sahm* v. *State, ex rel.* (1909), 172 Ind. 237, 246, 88 N. E. 257; *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 332, 97 N. E. 361. Furthermore it does not affirmatively appear that the company has used the money or derived any benefit from it. In any event to obtain relief on the question of interest it devolves on appellants to show such use, and failing so to do they can not complain that they were not allowed interest. They refused the purchase money when tendered and their failure to receive then or after the rendition of the decree is not due to any fault of appellees. *Hunter* v. *Bales* (1865), 24 Ind. 299, 304; *Cheney* v. *Libby* (1890), 134 U. S. 68, 10 Sup. Ct. 498, 33 L. Ed. 818, 825; *Fall* v. *Hazelrigg* (1874), 45 Ind. 576, 579, 15 Am. Rep. 278.

Appellants have not been deprived of any substantial right by the consolidation of the corporations or the change of names shown by the record. The real party in interest continued to prosecute the suit to final judgment and on appeal. The numerous complaints made by appellants fail to show that they have been deprived of any substantial right by any of the alleged errors or irregularities. The case seems to have been fairly tried on the merits and substantial justice seems to have been done between the parties. No reversible error is shown. §§407, 700 Burns 1914, §§398, 658 R. S. 1881; *First Nat.*

*Bank* v. *Ransford* (1913), 55 Ind. App. 663, 669, 104 N. E. 604, and cases cited. Judgment affirmed.

NOTE.—Reported in 109 N. E. 784. Sufficiency and effect of tender, see 77 Am. Dec. 470; 30 Am. St. 460. See, also, under (1) 17 Cyc. 820; 38 Cyc. 1517; (2) 3 Cyc. 360; (3) 36 Cyc. 704; (4) 36 Cyc. 705; (5) 3 C. J. 695; 2 Cyc. 670; (7) 3 Cyc. 418.