INDIANAPOLIS ABATTOIR COMPANY *v.* COLEMAN ET AL.

[No. 9,961.   Filed October 23, 1917.]

1.  MASTER AND SERVANT. — *Injuries to Servant.* — *Workmen's Compensation Act.* — *Review of Award.* — *Sufficiency of Evidence.*—In a proceedings for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, where there is evidence tending to show that the employe was in reasonably good health prior to his injury, and undisputed evidence to show that he was rendered unconscious by falling from a stairway as he was about to enter the employer's premises to begin work, the fall being caused by the knob coming off a door he was attempting to open, that after the injury he was taken to his home and did not resume his employment for about a week, that after working a few days he became totally disabled, and that previously to his injury he had been able to work continuously for a long period of time, such evidence is sufficient to warrant the inferences necessary to sustain the Industrial Board's award for total disability due to the injury alleged. p. 371.

2.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board's Findings.* — *Conclusiveness.* — Where the evidence on a question of fact is conflicting, the finding of the Industrial Board is conclusive.   p. 372.

3.  MASTER AND SERVANT.—*Injury to Servant.—Workmen's Compensation Act.—Right to Award.—Acceleration of Latent Disease.*—In a proceedings by an injured servant for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, the fact that the employe was afflicted with a latent disease which the injury accelerated to a stage of total disability, would not of itself prevent an award of compensation for total disability due to the injury.   p. 372.

4.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Degrees of Disability.*—The doctrine of the degree

of disability prior to the injury, degree of disability caused entirely by the injury, degree of disability caused entirely by disease, and degree of disability which might have resulted from the disease alone has no application to proceedings for relief under the Workmen's Compensation Act, Acts 1915 p. 392. p. 372.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Mabel Coleman and others against the Indianapolis Abattoir Company. From an award for applicants, the defendant appeals. *Affirmed.*

*Taylor, Carter & Wright,* for appellant.

*Joseph W. Hutchinson,* for appellees.

BATMAN, J.—William Coleman, now deceased, filed his claim against appellant before the Industrial Board for compensation under the Workmen's Compensation Act, Acts 1915 p. 392. On a hearing before the full board he was awarded compensation at the rate of $8.25 per week during the period of his total disability, not exceeding 500 weeks. From this award appellant appealed, and on the death of the said William Coleman, his next of kin dependent on him for support were substituted as appellees. The sole question presented by this appeal relates to the sufficiency of the evidence. Appellant seeks to avail itself of the rule that places the burden of proof in compensation cases on the claimant, and requires that he establish a line of causation from his employment to his injury, and from the injury to his disability, before he can recover. It asserts that the said William Coleman failed to discharge this burden of proof, and hence the award of the Industrial Board was unauthorized.

On the hearing before the full board the following undisputed facts appear to have been established: The said William Coleman was in the employ of appellant at the time of the alleged accident at an average weekly

wage of $15. On the morning of July 3, 1916, he undertook to open a door on appellant's premises, in order to enter the building to begin his work. He was standing in front of the door, on the third step, when he took hold of the knob to open it. The knob came off and he fell backwards to the ground. The fall rendered him unconscious for a few minutes. He was alone at the time and endeavored to get up, but was unable to do so. Soon a watchman came along and helped him up. He was first taken to the office, and afterwards sent home in a buggy. He resumed his work on July 9, 1916, and continued to work until the 16th day of said month, when he was compelled to cease working because of total disability, which continued until his death. He had previously fallen in June, 1915, and soon thereafter ceased work for sixteen weeks because of sickness. He then resumed and continued his work until the time of the alleged accident under consideration. In addition to these undisputed facts there was conflicting evidence as to whether the said William Coleman was afflicted with syphilis at the time of such alleged accident.

Appellant contends that the evidence fails to show, save by inference, that the said William Coleman suffered an accidental injury arising out of and in

1. the course of his employment, or that his total disability for work was proximately caused by such an injury. If this contention be admitted, still we would not be justified in setting aside the award of the Industrial Board, if the facts and circumstances disclosed by the evidence would warrant such inferences. There was evidence tending to prove that the said William Coleman had been in reasonably good health prior to the accident in question. This evidence, taken in connection with the undisputed fact of his previous ability to work, and the circumstances attend-

ing the accident, as to time, place, and manner of occurrence, would have been sufficient to warrant the inferences necessary to sustain the award. This is sufficient on appeal. *Conner* v. *Martin* (1910), 46 Ind. App. 141, 92 N. E. 3; *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784; *Carter* v. *Richart* (1917), *ante* 255, 114 N. E. 110.

Appellant contends that the evidence shows that the said William Coleman was afflicted with syphilis at the time of the injury, and that his condition, subsequently to the accident in question, was identical to that of a normally developed syphilitic. The evidence as to the first alleged fact was conflicting, and the Industrial Board may have found to the contrary, which would be binding on this court on appeal. Again the court may have found that he was so afflicted at the time of such accident, but that such disease was latent, and that such accident accelerated it to the stage of disability. Under such facts, the existence of such disease would not of itself prevent a recovery. *In re Bowers* (1917), *ante* 128, 116 N. E. 842, and authorities there cited.

Appellant finally contends that the doctrine to be applied under the facts of this case is one of degree: (1) Degree of disability prior to the injury; (2) degree of disability caused entirely by the injury; (3) degree of disability caused entirely by the disease; (4) degree of disability which might have resulted from the disease alone. We cannot concur in this contention. There is no provision for the application of such a doctrine in the Workmen's Compensation Act, *supra*, of this state, and the courts of other jurisdictions have refused to recognize it under similar acts. *Madden's Case* (1916), 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D 1000; *Hills* v. *Oval Wood Dish Co.* (1916), 191 Mich. 411, 158 N. W. 214.

Finding no error in the record, the award is affirmed. As the appeal in this case' was taken subsequently to the time the act of 1917, Acts 1917 p. 154, amending the Workmen's Compensation Act of 1915, *supra,* became effective, the award is hereby increased five per cent. in accordance with the mandatory provisions of said amended act.

NOTE.—Reported in 117 N. E. 502. Workmen's Compensation Act: see (a) and (b) to note *ante* 365; right of compensation where accident merely aggravates an existing condition, L. R. A. 1916A 32, 228.