## SHEALY SMOKE v. W. L. COBB CONSTRUCTION CO., et al.

Circuit Court, Polk County, Civil Appeal.
October 19, 1949.

———•———

Oxford & Oxford, H. E. Oxford, Lakeland, for appellant.

Mabry, Reaves, Carlton, Anderson, Fields & Ward, Arthur L. Anderson, Tampa, for appellees.

D. O. ROGERS, Circuit Judge.

This cause came on to be heard on appeal from an order of the industrial commission affirming an order of a deputy commissioner.

There is practically no dispute as to the material facts in the case. In fact, it is stipulated that the claimant, Shealy Smoke, was working for the W. L. Cobb Construction Co. in Lakeland on August 26, 1948 and in the course of his employment received an injury. It was further stipulated that he was working as a laborer and earning an average weekly wage at such labor of $46.88, based on a five and a half day week. It clearly appears that within a week after the injury he was permanently and totally disabled. It further clearly appears that he will never again have any earning capacity. It is nowhere contended that he had ever lost a day from work until he suffered this injury.

The only controversy in this case arises from the physician's statement clearly stated on page 32:

". . . he has probably had what we call latent syphilis for many years, in other words *latent* syphilis is only diagnosed by means of a blood test and there are no symptoms—that is the most common type."

There is no contention, and certainly under the record there could be no contention that this man was in any sense disabled

by such disease if, in fact, it is the truth that he has such disease. The court can certainly know that a negro laborer working for a construction company for a long period of time and earning a solid average of more than $8 a day for his labor must be in sound physical condition and certainly cannot be suffering from any disabling disease.

The court therefore finds that appellant was and has always been a sound, healthy, able-bodied laborer for all of the period of his past life prior to this injury; that he did arduous work in a perfectly satisfactory manner; that he earned $46.88 average per week for a long period of time; that he suffered a serious injury in the course of his employment; that he has been totally disabled since the injury and that his disability is total and permanent.

Applying the well settled and unanimous law to the facts in this case, the court finds that the appellant is entitled to full recovery of compensation. The last pamphlet published and distributed by the industrial commission on page 27 cites much authority bearing on this case. Beginning the last two lines on page 26, there is set forth the following:

> ". . . It is not necessary, in order for an employee to recover compensation as an injured workman, that he must have been in perfect health or free from disease at the time he received the injury. Every workman brings with him to his employment certain infirmities; his employer takes him as he finds him and assumes the risk of a diseased condition aggravated by injury. Compensation is not made to depend upon the condition of health of the employee, or upon his freedom from liability to injury through a constitutional weakness or latent tendency; compensation is awarded for an injury which is a hazard of the employment, and it is the hazard of the employment acting upon the particular employee in his condition of health and not what that hazard would be if acting upon a healthy employee or upon the average employee. If the injury is the proximate cause of his death or disability for which compensation is sought, the previous physical condition of the employee is unimportant and recovery may be had for injury independent of any pre-existing disease."

In the case of Crowley v. City of Lowell (Mass.), 111 N. E. 786, the evidence disclosed that the claimant had a pre-existing constitutional disease known as syphilis, which was dormant; his ability to perform the work for which he was hired was not impaired thereby, but because of an accident arising out of the course of his employment his nervous system suffered a shock sufficiently severe to aggravate and accelerate his syphilitic

condition, resulting in paralysis and insanity, which disabled him for future work. It was held that he could recover because the statute did not prescribe standards of physical fitness to which the employee must conform and compensation provided for is not based on any implied warranty of health or immunity from latent and unknown tendencies to disease which may result in a disability. See Indianapolis Abattoir Co. v. Coleman (Ind. App.), 117 N. E. 502.

The case of Limited Mut. Comp. Ins. Co. v. Industrial Acc. Com'n (Cal. App.), 98 Pac. 2d 827, discloses that the claimant in that case was employed as a linoleum layer from 1922 to 1937. During the year 1925 he fell and injured his left knee, when a surgical operation was performed and he returned to work, but the knee gave him continuous trouble. He received a second injury in 1937 to the same knee when in the course of employment. He consulted a physician immediately, when a second surgical operation was performed on the same knee when a tumor was removed and pus drained therefrom. The existence of a pre-existing non-disabling condition cannot preclude an award. Industry takes the employee as he is at the time of employment and the statute does not provide a degree of physical fitness to perform services of labor.

In the case of Deep Rock Oil Corp. v. Betchan (Okla.), 35 Pac. 2d 905, it was shown that the claimant worked on the 10th and 11th days of November, 1932, and on March 13, 1933, was employed to pull tacks out of the running boards on the side of tank cars. He was required to climb the rings on the side of the tank cars, which he did from March to June 5th, 1933, when he became unable to do so, and consulted a physician. The physician agreed that the claimant had a bone condition dating back prior to the time of his employment and this condition caused arthritis. It was contended that the claimant could not recover because the arthritic condition occurred prior to the time of his employment. The court held that the pre-existing physical condition of the employee, namely, arthritis, coupled with the climbing of the rings of the ladder on the tank cars cannot be separated, but when considered together, effected disability—a merger of the two causes effected the disability.

The rule expressed in the above cases is approved by Schneider on Workmen's Compensation, Vol. 1 (2d Ed.) par. 138, pages 517-519, viz:

"*Aggravation of pre-existing condition.* — Likewise the courts, consistent with the theory of workmen's compensation acts, hold with practical uniformity that, where an employee afflicted with disease receives a personal injury under such circumstances as that he might have appealed to the act for relief on account of the injury had there been no disease involved, but the disease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred and the disability or death does not result from the disease alone progressing naturally, as it would have done under ordinary conditions, but the injury aggravating and accelerating its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the compensation act.

". . . If an employee has a disease and having the same, receives an injury 'arising out of and in the course of employment,' which accelerates the disease and causes his death, such death results from injury, and the right to compensation is secured even though the disease itself may not have resulted from the injury.

"Where an employee was at the time of his injury suffering from a tumor, which condition was aggravated by the injury, he was nevertheless entitled to compensation."

The objective of the Act is to compensate the employee for the loss of earning capacity. If the employee is injured but is able to work, he is not compensated.

If he has a pre-existing disease but is able to work and is injured while engaged in the course of the employment, and a merger of the pre-existing disease and the injury sustained results in his disablement, or the pre-existing disease is accelerated or aggravated by an injury arising out of the course of employment—then it becomes a compensable injury.

The case of Davis v. Artley Construction Co. (Fla.), 18 So. 2d 255, settles the only controversial question in this case completely.

This case is not at all similar to the case of Cleary Bros. Construction Co. v. Nobles (Fla.), 23 So. 2d 525. In that case there was no injury. In this case a serious injury is admitted.

The W. L. Cobb Construction Co. (or its insurance carrier) is therefore ordered to pay the appellant compensation at $22 a week for not to exceed 350 weeks. Fifty-nine weeks have elapsed during which compensation should have been paid, but it has been paid for only one week. The company is ordered to pay compensation forthwith at $22 a week for the 58 weeks of dis-

ability already suffered, and beginning as of October 15, 1949 shall continue to pay at that rate for not to exceed 291 weeks unless a proceeding under the Act is brought and sustained terminating the right to compensation because of the removal of the disability. The company is ordered to pay all medical and hospital bills incurred by appellant not to exceed the sum fixed by the Act. The company is ordered to pay directly to H. E. Oxford, Esq., attorney for appellant, $500 as attorney's fees, and the costs of the proceedings incurred by appellant in this court and before the commission.