### DUFF v. BOCA RATON CLUB, et al.

Circuit Court, Dade County, Civil Appeal.

July 21, 1952.

Dixon, DeJarnette & Bradford, Miami, for appellants Boca Raton Club d. b. a. Roney Plaza Hotel and Maryland Casualty Co.

Von Arx, Von Arx & Zemel, Miami, for claimant-appellee.

Rodney Durrance, Tallahassee, for appellee industrial commission.

GEORGE E. HOLT, Circuit Judge.

This is an appeal from an order of the full commission modifying an award made by a deputy commissioner. At the final hearings before the deputy commissioner the employee claimed 100% or total disability while the employer and insurance carrier maintained there was only 15% disability. The deputy commissioner made a finding of 50% disability. Both sides applied to the full commission for review and that tribunal found there was 100% or total disability and made its order accordingly.

The main argument of the appellants is that the full commission exceeded its proper scope of review as delineated in United States Casualty Co. v. Maryland Casualty Co. (Fla.), 55 So. 2d 741, which case was followed in Town of Crescent City v. Green (Fla.), 59 So. 2d 1. In the earlier case the Supreme

Court speaks of the "substantial evidence" rule at page 745 as follows:

> The deputy commissioner's findings of fact should be upheld unless there is no competent, substantial evidence, which accords with logic and reason, to sustain them.

A careful study of the testimony in this case makes it clear that there was no competent substantial evidence which accords with logic and reason to sustain any finding other than that of the full commission—namely, the finding of total disability.

As usual, there was medical testimony on both sides. The doctors called by the claimant testified that the disability is 100%. Those called by the employer and insurance carrier testified that the disability is 15%. In addition, the claimant produced lay witnesses to testify as to his condition.

The difficulty with the testimony offered by the employer and carrier is that their doctors ignored or disregarded the conclusively proved and uncontradicted facts as to the claimant's condition—and based their findings on a hypothesis which has no basis in fact. One or two examples will have to suffice.

1. They assumed the claimant was suffering from and afflicted with a pre-existing arthritic condition. The testimony was uncontradicted that although arthritic changes had occurred in his body, he never suffered any pain or discomfort prior to the accident and never lost any time from work.

2. The doctors admitted that if the claimant was suffering as he described it there would be 100% disability—there was not one word of testimony that he was not suffering in the manner he described, and his suffering was corroborated by two doctors and two lay witnesses.

3. One of the doctors testified that he would expect him to be materially improved at the end of five months. Nevertheless, at the end of five months a hearing was held before the deputy commissioner who made the following finding—"As a result of said accident the claimant *has ever since been totally disabled and is now* in need of further medical attention" (Italics supplied.) No appeal from the finding was taken. The doctor further testified that his rating of 15% was on an "arbitrary" basis. Obviously such testimony does not constitute "competent substantial evidence which accords with logic and reason."

Because the opinions of the doctors produced by the insurance carrier were not based on the facts, their testimony is of no value. There being no competent substantial evidence consistent with logic and reason to sustain the finding of 50% disability, obviously the full commission was legally right in modifying the deputy commissioner's award.

Some point was attempted to be made of an alleged pre-existing condition, the theory apparently being that the claimant's condition is due, at least in part, to the circumstance that arthritic changes had occurred in his body before the accident. This, despite the fact that he had never suffered any pain or discomfort or lost any time from work, and did not even know of the existence of the condition.

The law is well settled, however, that the right of an injured employee to compensation is not dependent upon his previous condition of health. In Davis v. Artly Construction Co., 18 So. 2d 255, our Supreme Court held that the employer accepts the employee in such physical condition as he finds him and assumes the result of a diseased condition aggravated by injury, compensation not being made to depend on the employee's condition of health—but for an injury which is a hazard of employment. To the same effect are Allen v. Maxwell Co. (Fla.), 11 So. 2d 572, Star Fruit Co. v. Canady (Fla.), 32 So. 2d 2, and Shealy Smoke v. W. L. Cobb Construction Co., 1 Fla. Supp. 72.

The claimant-appellee urges as a further ground for dismissing this appeal and affirming the order of the full commission the argument that even if the full commission committed error such error was invited by the appellants and therefore they are not in a position to urge such error as a ground for reversal.

The gist of the appellants' argument is that under the United States Casualty Co. case, supra, the full commission in its review was confined to the question whether there was any substantial evidence to sustain the deputy comissioner's award—and had no authority to weigh the evidence. They complain that—"the commission has taken it upon itself to judge the probative force and credibility of the testimony heard by the deputy"—in other words, it weighed the evidence.

After the deputy made his award the present appellants applied to the full commission for review of the award. Such application was in effect an appeal. Appellants urged among their grounds for reversal that—*"the great weight of the evi-*

*dence* establishes clearly that the claimant has sustained permanent partial disability of only 15%." Likewise in their assignment of errors before this court they charged that the full commission erred—"in failing to follow the *great weight of the medical evidence.*" (Italics supplied.)

Appellants *first* asked the commission to weigh the evidence and modify the decision in their favor. The commission weighed the evidence. Because the result of the weighing has been unfavorable they now argue that the full commission had no right to weigh the evidence—but should have confined itself to the question whether there was any evidence.

Appellants are estopped to take advantage of errors which they invited or induced the lower court or tribunal to commit. In 4 Corpus Juris it is said at page 701:

> Parties cannot elect to try their causes on one theory in the lower court, and, when defeated on that line, assume a different position in the appellate court. Hence, a party is estopped to urge, on appeal or error, any error growing out of the trial, submission, or decision of the cause, or of any question herein, upon an incorrect theory, when such theory was of his own selection or when such theory was adopted by the trial court at his request. Under these circumstances *it is immaterial whether the theory on which the case was tried is right or wrong.* (Italics supplied.)

On appeal from an intermediate appellate court, the higher court can consider the case only on the theory of the parties in the intermediate court. 3 Am. Jur. 372. In 3 Am. Jur. at page 427 it is stated as follows—"The rule is well settled that a party cannot successfully complain of error for which he is himself responsible." Under this rule it has been held—"that an appellant cannot complain of the determination in a case of a question raised by him on the ground that it was not properly in the case."

The doctrine of invited error has been adopted in Florida. See cases collected in volume 4 F.S.A., section 59.01, note 36.

Applying this doctrine, the appellants having tendered to the full commission the issue of the weight of the evidence, they are estopped to complain of the action of the commission in considering that issue.

It is therefore ordered that the order of the full commission be, and it is, affirmed. It is further ordered that the appellants pay the claimant's attorneys the sum of $250 for their legal services on this appeal.