## BUCYRUS COMPANY *v.* TOWNSEND ET AL.

[No. 10,033. Filed November 16, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Assignment of Error.—Questions Presented.*—On an appeal from an award by the Industrial Board, an assignment of error that the award is contrary to law is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. p. 688.

2. MASTER AND SERVANT. — *Workmen's Compensation Act. — Award.—Necessary Showing.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, for the death of a servant, it must be made to appear that decedent received a personal injury by accident arising out of and in the course of his employment, and that the death of the employe resulted from the injury, before the Industrial Board can allow compensation to a defendant. p. 690.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Evidence.—Sufficiency.*—In a proceeding by dependents for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, for the death of a servant, evidence that decedent, while engaged at his employment, slipped and fell in such a manner as to strike his breast against an iron rod on the machine he was operating, that after the accident he was confined to his bed suffering from pain in his left side and breathing with difficulty, that prior to the accident decedent had been in good health and had not complained of any ailment of the heart or lungs, and testimony by the attending physician that the fall brought on a condition of the heart known as pericarditis which resulted in death, is sufficient to show an injury by accident arising out of and in the course of decedent's employment, and that it proximately caused his death. p. 690.

4. MASTER AND SERVANT. — *Workmen's· Compensation Act. — Cause of Death.—Proof.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, for the death of a servant, claimants were not required to present such proof as would entirely exclude the possibility that decedent's death was due in part to a diseased condition of his heart. p. 690.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Daisy Townsend and others

against the Bucyrus Company.    From an award for applicant, the defendant appeals.    *Affirmed.*

*Phelps F. Darby,* for appellant.

*Elmer Q. Lockyear,* for appellees.

IBACH, P. J.—Appellees' husband and father was an employe of appellant company, and while so employed it is claimed he received a serious personal injury by accident arising out of and in the course of his employment, from which he died on August 8, 1916.    On February 3, 1917, appellees, as dependents of decedent, filed their verified application before the Industrial Board for an adjustment of their claim for compensation, which was granted, and they were awarded $7.29 per week for 300 weeks.

It is contended by appellant that the award of the full board is not sustained by sufficient evidence and is contrary to law.    The latter assignment presents both questions.    *Union Sanitary Mfg. Co. v. Davis* (1916), 64 Ind. App. 227, 115 N. E. 676, 677.

The facts appearing from the finding are that on August 1, 1916, decedent was in the employ of appellant at an average weekly wage of $13.26.    On that date he received a personal injury by an accident arising out of and in the course of his employment, which resulted in his death August 8, 1916; that the appellant had actual knowledge of his injury at the time it occurred, and that it rendered first aid at the time of his injury and on the second day thereafter furnished an attending physician who attended him at the hospital until his death.    He left surviving him Daisy Townsend, his wife, and the other named appellees, his children.    Decedent and his wife and children were at the time of his injury and death living together as one family.    Two sons, Elma and Alvis, were working and

earning wages, and the wife and the other children being wholly dependent upon decedent for their support.

It appears from the record that the decedent had been in the employ of appellant for several weeks prior to August 1, 1916, on what is termed a "band press," a machine used to press a copper band around shells and the shells were shrapnel shells about eight inches in diameter and two and one-half feet long. The band press is about three and one-half feet high. On the floor there was an iron T-rail extending about an inch above the level of the floor. The decedent took a shell and started to the press. His foot slipped on the T-rail as he was about to lay the shell down, and he fell and hit his breast against the lever that operated the press. This lever consisted of an iron rod about an inch in diameter with a steel handle, and was used for starting and stopping the machine. Decedent was taken to his home that night and immediately went to bed complaining of pain in his left side and had trouble in breathing. Two days later he was taken to the hospital under the care of a physician. After the injury there was found a mark over his heart about five inches long. The only sickness he ever had was about a year before, and that sickness lasted about two weeks. He had been at work almost continuously, and always worked at general labor, and had never complained of anything being wrong with his heart or lungs. The attending physician testified that he found him immediately following the accident, suffering from pain in the left side of the chest in the region of the heart, his breathing was bad, jerking whenever he took a long breath, his heart was laboring, and there was an abnormal sound of the heart; also, that a blow over the heart would cause acute heart disease and, in this case, the fall brought on a condi-

tion of the heart known as "pericarditis," and that killed decedent.

In all cases such as the present, before the Industrial Board can allow compensation to a claimant, it must be made to appear that the decedent received a personal injury by accident arising out of and in the course of his employment, and that the death of the employe resulted from such injury.

It is insisted here that decedent did not die as a result of the accidental injury, but that his death was due to a disease, neither produced nor aggravated by such injury. While the evidence might permit of a result different from that reached by the Industrial Board, yet we are satisfied that the uncontradicted testimony of the son, the only person who saw the accident, and the testimony of the physician who treated decedent from the date of his injury, who we must assume was a competent physician, together with all the other facts and circumstances shown by the evidence, was sufficient to show an injury by accident arising out of and in the course of decedent's employment, and that such injury proximately caused his death. *Columbia School Supply Co.* v. *Lewis* (1917), *ante,* 116 N. E. 1; *Habbe* v. *Viele* (1897), 148 Ind. 116, 45 N. E. 783, 47 N. E. 1; *Bayne* v. *Riverside Storage, etc., Co.* (1914), 181 Mich. 378, 148 N. W. 412, 5 N. C. C. A. 857. The dependents were not required to present such proof as would entirely exclude the possibility that decedent's death was due in part to a diseased condition of his heart.

We think the determination of the board should be sustained. Award affirmed.

NOTE.—Reported in 117 N. E. 656. Workmen's compensation: what is an accident arising out of and in the course of employment within meaning of act, Ann. Cas. 1913C 4, 1914B 498, 1916B 1293, 1918B 768.