POLAR ICE AND FUEL COMPANY ET AL. *v.* MULRAY.

[No. 10,176.    Filed April 2, 1918.]

1.    MASTER AND SERVANT.—*Workmen's Compensation Act.—Right
    to Compensation.—Injury Due to Felonious Act.—*A claim for
    compensation under the Workmen's Compensation Act, Acts 1915
    p. 392, will not be denied merely because the accident resulting in
    the injury occurred by reason of the unlawful and felonious act
    of some third person, if the employe actually sustained it as a
    result of being specially and peculiarly exposed by the character
    and nature of his employment to the risk of the danger which
    befell him.  p. 273.

2.    MASTER AND SERVANT.—*Workmen's Compensation Act.—Inju-*

*ries.—Arising Out of Employment.—Assault by Fellow Servant.—* Where it was the duty of a servant to keep a record of the ice taken from the master's ice house by its drivers and to collect from them for shortage in their settlements, and the servant was shot and killed by a driver as a result of a quarrel over a collection, his death arose out of the employment. (*Union Sanitary Mfg. Co.* v. *Davis* [1916], 64 Ind. App. 227, distinguished.) p. 273.

3. MASTER AND SERVANT.—*Workmen's Compensation Act—Appeal. —Review.—Evidence.—Sufficiency.—*Where the inference that a servant's death resulted from an accident arising out of the employment was a conclusion reasonably deducible from the facts, such finding by the Industrial Board must be upheld, although other inferences might have been drawn from the evidence. p. 275.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Bessie Mulray against the Polar Ice and Fuel Company and another. From an award for applicant, the defendant appeals. *Affirmed.*

*McKay & Merrell,* for appellant.

*Ralph M. Spaan,* for appellee.

IBACH, C. J.—While appellee's husband was at work at the plant of appellant another employe shot and killed him. Appellee filed her claim for compensation before the Industrial Board under the Workmen's Compensation Act (Acts 1915 p. 392) and compensation was allowed.

The only claim made by appellant is that the evidence does not sustain the finding of the Industrial Board that the accident arose out of decedent's employment. The uncontroverted facts are substantially the following: John Mulray, decedent, was employed by appellant to keep a record of ice taken from its ice plant to be sold by its drivers, and to require each to account for the quantity taken out by

him when he returned after delivering each load. If there was any shortage it. was Mulray's duty to collect the amount of the shortage in cash, and if not collected he then reported it to another bookkeeper, who charged the amount of the shortage against the delinquent driver, and the amount was deducted from his pay. Spencer, the man who shot Mulray, was one of the drivers, and some days before the shooting Mulray had discovered that Spencer was short, and his attention was called repeatedly to it and a settlement requested by Mulray. On these occasions Spencer would become enraged and accuse Mulray of failing to keep his account accurately, and for some time prior to the fatal shooting he seemed to hold much enmity toward Mulray. On the day of the shooting he (Spencer) had been arguing the matter with the bookkeper, and as he left her he said: "Yes and I will fix John (meaning Mulray) too." He then went to the paymaster and argued with him about the pay which he had been given, and from there went to decedent, who was in the "scale office," and there created much disturbance, and sought to do Mulray harm. He there said to him, "You come out and I will fix you." He also called Mulray a son of a b——— and Mulray said two or three times, "You call me a son of a b———," and then Spencer said again, "You come out and I fix you." Mulray then said: "If you don't get out I will shoot you down," and went to a drawer under the scale and took out a revolver. When Spencer saw it he ran out the door, Mulray following, and as soon as he got out he fired two or three shots. He then returned, saying something about running Spencer up the railroad track. He took out the empty shells, reloaded the revolver, and replaced it. It was one used by the nightwatch-

man. Spencer went down on Virginia avenue and bought a second-hand revolver, and about one hour later came back to appellant's plant and shot Mulray as he was seated at his desk in the office. There is also some evidence showing that some of appellant's drivers were rough men, and particularly so on Saturday, pay day, when they generally drank liquor. This was particularly true of Spencer, with whom there had been considerable trouble about other conduct on his part, and he had manifested a malicious disposition.

It is conceded by appellant that Mulray's death was the result of an accident received in the course of his employment with it, but the contention is that it did not arise out of such employment.

The rule is well established that a claim for compensation will not be denied simply because the acci-dent occurred by reason of the unlawful and felonious act of some third person, if the employe actually sustained it by being specially and peculiarly exposed by the character and nature of his employment to the risk of the danger which befell him. In other words, when the injury results from the conditions surrounding an employe at the time of the accident and under which he was required to perform his duties, then generally speaking, it arises out of the employment. *Union Sanitary Mfg. Co.* v. *Davis* (1916), 64 Ind. App. 227, 115 N. E. 676.

The facts here show that decedent was performing a character of service for his employer which might at any time cause some personal grievance against him on the part of other employes with whom his duties required him to come in daily contact, so that when they were so angered at him,

or when under the influence of liquor they were liable to do him harm, still he was required to remain at his place of employment, surrounded by these dangers which finally led to and produced his death. Under such circumstances it may very properly be said that the accident which did occur was a risk reasonably incident to decedent's employment.

Appellant relies principally upon the case of *Union Sanitary Mfg. Co. v. Davis, supra,* in which this court stated the same rule which has been declared by the several courts considering like questions. The facts of that case are clearly distinguishable from the present. There the claimant on his own account provoked a quarrel with another employe in another department and with whom his employment did not require him to be associated or to come in contact, nor to whom he was required to go with any complaints, and it was made to appear that there was no causal connection between Davis' duties and his injuries. There are other distinguishing features, but this is sufficient. As bearing on some of the propositions now under consideration, the authorities cited in that case, however, are instructive. See, also, *United Paperboard Co. v. Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324.

In the case last cited this court said: "The test of the right to compensation under such acts, in so far as concerns the element now under consideration, is whether the injury resulted from some peril incident to the employment; whether the cause of the injury, although not foreseen, may reasonably be deduced from the circumstances and surroundings peculiar to the place, and under which the workman

was required to perform his labors, regardless of whether such perils or surroundings involve negligence on the part of the employer.''

The evidence also shows that Mulray was a peaceable man, entertaining no ill will against Spencer, while the latter was of a quarrelsome disposition, and for at least ten days before the shooting occurred, as heretofore disclosed by the evidence, had made threats against decedent to do him harm, both to him personally and to others. One witness stated: ''Whenever decedent called his attention to any shortage he got mad and sought a personal encounter with him (Mulray).'' Yet it was decedent's express duty to deal with all these drivers daily and about a subject which might and did often awaken in them a spirit not only of resentment, but of actual antagonism, because it affected a matter of deep interest to them—their pay. In this particular instance it is quite reasonable to infer that the shooting occurred by reason of decedent's persistent endeavor to collect shortages due his employer, and this is particularly true when considered in connection with the character of the man, as shown by the record, who did the shooting.

While it may be said that the inference that the unfortunate accident in the case was the result of a risk reasonably incident to Mulray's employment, and therefore arose out of his employment, is not the only inference which might be drawn from the evidence, yet it is a very reasonable one, and since the Industrial Board has so concluded, we are required to uphold the award.

Award affirmed.

Note.—Reported in 119 N. E. 149. Workmen's compensation: injuries deemed to arise out of and in the course of the employment, see note 191.