NEWCASTLE FOUNDRY COMPANY v. LYSHER.

[No. 9,768. Filed November 21, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Award.—Burden of Proof.*—One claiming compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, has the burden of proving that the injuries complained of resulted from an accident arising out of and in the course of the employment. p. 512.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of and in Course of Employment.*—In a proceedings for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, the fact that the injury complained of resulted from an accident arising out of and in the course of the employment may be shown by direct proof, or may be proved by facts and circumstances which reasonably authorize the Industrial Board to infer that the injury was so received. p. 512.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries to Servant.—Award.—Evidence.—Sufficiency.*—In a proceedings for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, evidence held sufficient to sustain the finding that the injury complained of resulted from an accident arising out of and in the course of the employment. p. 513.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Charles Lysher against the Newcastle Foundry Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Solon J. Carter, D. P. Williams* and *Taylor, Carter & Wright,* for appellant.

*W. R. Meyers* and *C. M. DeWitt,* for appellee.

FELT, P. J.—This is an appeal from an award made by the full Industrial Board of Indiana. The record did not reach the court until October 29, 1918.

Appellant moved for a new trial, but in its reply brief abandons any alleged error based thereon, because of the holding of this court that a motion for a new trial is not necessary or proper under the Indiana Workmen's Compensation Act. *Union Sanitary Mfg. Co.* v. *Davis* (1917), 63 Ind. App. 548, 114 N. E. 872.

Appellant had made numerous assignments of alleged error, but the assignments that the decision

of the Industrial Board is not sustained by sufficient evidence and is contrary to law present the only questions available to appellant, and others need not be considered. *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527, 529.

The full Industrial Board made a finding of facts and an award as follows: "And the full board having heard the argument of counsel for the defendant and having reviewed the evidence and being duly advised in the premises, finds that on the 19th day of February, 1916, plaintiff was in the employment of the defendant at an average weekly wage of $10.75; that on said date plaintiff received a personal injury by an accident arising out of and in the course of the employment, resulting in a seventy-five per cent. permanent impairment of the sight of his right eye with glasses; that on the 28th day of February, 1916, the plaintiff served upon the defendant written notice of his injury; that the defendant had been personally notified of said injury on the 23rd day of February, 1916, and that the defendant provided the plaintiff with an attending physician during the first thirty days after his injury; that notwithstanding the fact that the defendant had personal notice and was served with written notice on the plaintiff's injury, and provided him an attending physician, said defendant has wholly failed to file any accident report herein.

## "Award.

"It is therefore considered and ordered by the full Industrial Board that the plaintiff be and is hereby awarded, against the defendant, seventy-five weeks' compensation at the rate of $5.91 per week, beginning on the 5th day of March, 1916. Dated this 2nd day of September, 1916."

Appellant states that: ''There is but one big issue in this case and that is whether or not there rested upon appellee the burden of proving at the hearing that he suffered an accidental injury arising out of and in the course of his employment which resulted in the loss of nine-tenths of the sight of his eye, and if there existed such a burden, was it discharged by appellee?''

The burden is placed upon the one claiming compensation under the act in question to prove that the injuries complained of resulted from an accident arising out of and in the course of the employment of such person. *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676; *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555; *Bucyrus Co.* v. *Townsend* (1917), 65 Ind. App. 687, 117 N. E. 656.

That the injury in any particular case resulted from an accident arising out of and in the course of the employment of the injured employe may be shown by direct proof, or may be proved by facts and circumstances which reasonably authorize the board to infer therefrom that the injury complained of was so received. *Cleveland, etc., R. Co.* v. *Starks* (1915), 58 Ind. App. 341, 355, 361, 106 N. E. 646; *Haskell, etc., Car Co.* v. *Brown, supra; Ropp* v. *Fulton* (1915), 183 Ind. 251, 263, 108 N. E. 946; *Bimel Spoke, etc., Co.* v. *Loper, supra.*

There is no dispute in this case about the fact that appellee was employed by appellant, and that he suffered an injury to his right eye from some cause. Appellant asserts, however, that there is a total failure of proof tending to show that the condition of appellee's eye was due to an accident, and also that,

if it be shown that the condition of the eye was due to an accident, the proof wholly fails to show that the accident arose out of or in the course of his employment by appellant.

There is evidence tending to prove that appellee was employed by appellant, and that he worked at unloading cars and chipping and cleaning metal castings; that on or about February 19, 1916, while working in the foundry, in the dust, some hard substance entered his eye; that he continued to work; that the eye pained him some in the afternoon of that day, became inflamed, and was observed and commented upon by persons whom he met on that evening and on the following day; that on February 20 he consulted Dr. E. S. Ferris, an eye specialist, who was employed by appellant in appellee's case; that Dr. Ferris removed a hard substance from the anterior surface of the cornea of appellee's right eye; that the eye was inflamed at that time and subsequently became infected, and he lost vision until it was only one-tenth of normal strength.

Dr. Ferris testified that his records show that he removed the substance from appellee's eye on February 24 and did not recall seeing him prior to that date, though he could not always rely on the fact that his entries were made on the day the service was rendered which occasioned the entry. He also testified that he carefully sterilized the instruments he used in operating on appellee's eye; that the lining of the lid of the eye invariably carries various bacteria and the eye is very susceptible to infection; that sometimes all that is necessary is a very little break in the delicate membranes of the eye to produce

an infection; that in this case the infection resulted in a sluffing ulcer that finally involved all of the layers of the cornea; that the infection reached the anterior chamber and there was pus formed in that chamber; that the condition of appellee's eye when he first saw it would not have suggested such an infection, but it depends largely on the resistance in the individual; that there was no infection in appellee's eye when he removed the hard substance from it, but the infection developed subsequently during the first week following the operation.

Appellee testified that his eye was hurt at the foundry on Saturday, because his eyes were clear in the morning and pained him in the evening and on the day following; that he spoke to Mr. Davis, the foreman, and the company furnished him groceries of the value of $34, and money to the amount of $8, while he was suffering from the injury.

The evidence also shows that on February 28, 1918, appellee notified appellant in writing that, while in appellant's employment on February 19, 1916, his eye was injured by a chip from a casting flying into his right eye while he was at work chipping and cleaning iron castings. There was also other evidence tending to prove that appellee's eye pained him and was badly inflamed shortly after he got the substance in it at the foundry, and that he saw the doctor very soon afterwards. There was also evidence tending to prove that appellee drank intoxicating liquor while he was taking treatment for his eye; that he had taken the Keely cure, and that he had been sentenced to serve a term in jail for public intoxication; that a person who uses intoxicating liquor has less resistance to disease and is more liable

to infection than persons who are free from the effects of intoxicating liquors.

The full Industrial Board made a finding which authorizes the award made to appellee.

The evidence and the inferences that may fairly and reasonably be drawn therefrom sustain the findings without resorting to inferences drawn from other inferential facts. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *In re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842; *Indianapolis Abattoir Co.* v. *Coleman* (1917), 65 Ind. App. 369, 117 N. E. 502; *Cleveland, etc., R. Co.* v. *Starks, supra.*

The award of the full board is affirmed.

NOTE.—Reported in 120 N. E. 713.