INDIANA POWER AND WATER COMPANY *v.* MILLER.
[No. 10,512. Filed June 24, 1920.]

MASTER AND SERVANT.—*Workmen's Compensation.*—*Blindness.*— *Evidence of Cause.*—Evidence that an employe's sight began to fail shortly after an injury to one eye, and that in seven months he had lost the sight of both eyes, with the testimony of a physician that the condition may have resulted from the accident and injury involved, are sufficient to support an award of compensation for blindness, claimant not being required to present such proof as would entirely exclude the possibility that his blindness was due to a constitutional disease.

From Industrial Board of Indiana.

Proceeding by John E. Miller under the Workmen's Compensation Act against the Indiana Power and Water Company. From an award of compensation, the latter appeals. *Affirmed.*

*J. W. Fesler, Harvey J. Elam, Howard S. Young* and *Emison, Hoover & Gregg,* for appellant.

*John A. Riddle,* for appellee.

McMahan, C. J.—Appellee, while working in appellant's coal mine, received an injury in his left eye; following this injury he was not able to work for two or three weeks; he had the eye treated by eye specialists; his sight began to fail shortly after the injury, and in six or seven months thereafter he had completely lost the sight of both eyes.

The Industrial Board found that the injury complained of arose out of and in the course of appellee's employment while working for appellant, and awarded 500 weeks' compensation at the rate of $13.20 per week, with the provision that the total compensation should not exceed $5,000. Appellant appeals from this award, and contends that the award is not supported by the evidence and is contrary to law.

There is no contention over the finding that appellee was injured in the course of his employment by being struck in the eye with a piece of coal or something. Appellant contends that there is no evidence that this injury caused appellee to lose his eyesight, but that the undisputed evidence shows that the blindness was caused by a constitutional disease. In support of this contention appellant insists that, in a case of this kind, the fact that the blindness was the result of the injury must be proved by the testimony of physicians; and that such fact cannot be proved by nonexpert witnesses. It is not necessary for us to pass upon this contention, as Dr.

Knapp in answering the first question asked by appellant on cross-examination testified that the condition of appellee's eyes, the atrophy of the optic nerves in both eyes, might have resulted from the injury suffered by appellee in February, 1917. This statement, when taken with the other evidence, is sufficient to support the award.

We have carefully examined the evidence as set out in the briefs and as shown by the record, and find that there is ample evidence to support the award.

Appellee was not required to present such proof as would entirely exclude the possibility that his blindness was due to a constitutional disease. *Bucyrus Co.* v. *Townsend* (1917), 65 Ind. App. 687, 117 N. E. 656.

Award affirmed and increased five per cent.