## GARDINER *v.* COCHRAN CHAIR COMPANY.

[No. 11,239.   Filed March 29, 1922.]

1. **MASTER AND SERVANT.**— *Workmen's Compensation Act.— Award.—Findings.—Sufficiency.—Burden of Proof.*—In a proceeding before the Industrial Board for compensation, the fact that the injury complained of arose out of and in the course of the employment must be found to sustain an award of compensation, and the burden of proving that fact rests upon the applicant. p. 97.

2. **MASTER AND SERVANT.**— *Workmen's Compensation Act.— Award.—Evidence.—Sufficiency.—Scope of Review.*—In determining the sufficiency of the evidence to sustain an award of the Industrial Board, the court on appeal will consider only the evidence tending to sustain the award. p. 97.

3. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Evidence.—Inferences.—Presumptions on Appeal.*—It is the province of the Industrial Board in a proceeding for compensation to draw legitimate inferences from facts and circumstances proved, and on appeal from an award it will be assumed that the board drew those inferences which are in harmony with and support the award. p. 97.

4. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Findings of Industrial Board.—Conclusiveness.*—The findings of the Industrial Board have the same force as the findings of a court or a verdict of a jury, and will not be set aside if there is evidence upon which they can rest. p. 97.

5. **MASTER AND SERVANT.** — *Workmen's Compensation Act. — Award.—Evidence.—Sufficiency.*—In a proceeding by an employe under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) to obtain compensation for a hernia, evidence *held* sufficient to sustain a finding and award denying compensation. p. 97.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Robert J. Gardiner against the Cochran Chair Company. From an order denying compensation, the applicant appeals. *Affirmed.*

*Martin J. Givan* and *Claycombe, Givan & Stump,* for appellant.

*Ketcham, McTurnan & Higgins,* for appellee.

REMY, J.—Appellant filed with the Industrial Board his application for compensation. At the hearing, the

board found that the disability for which compensation was claimed, that is inguinal hernia, did not arise out of and in the course of appellant's employment, and made an award that appellant take nothing. From this order the appeal is prosecuted.

The sufficiency of the evidence to sustain the finding and award is assigned as error.

The only question for our consideration is: Does the evidence sustain the finding of the board that appellant's injury for which he claims compensation did not arise out of and in the course of his employment? The evidence on this issue is in substance as follows: Appellant, who is sixty-eight years of age, was employed by appellee in its chair factory, and as such employe one of his duties was to place unfinished chairs in piles. On March 23, 1920, a rocking chair which appellant was attempting to place upon the top of a pile, fell to the floor causing appellant to lose his balance, and as a result he fell upon the chair in such a manner as to strike his right groin upon the point of one of the runners of the chair. The injury resulting to appellant was such as to cause him pain at the time, but not sufficient to stop him from work. He continued his work for appellee regularly until October 9, 1920, when he ceased to work for appellee. Appellant did not notify appellee of his fall, or that he had received an injury until November 27, 1920. Appellant testified that a short time after the injury he consulted Dr. Stewart, by whom he was told that he had sustained a partial rupture, but that he did not again consult a physician until November 24, 1920, when he again consulted Dr. Stewart, and was told that he had a complete hernia. At the hearing, Dr. Stewart, as a witness for appellant testified that he examined appellant "the last of November 1920" at which time he found him suffering from inguinal hernia. The witness also testified that he had no rec-

ollection of being consulted by appellant "soon after his fall" or at any time prior to the last of November, and that to the best of his knowledge he had not been so consulted. Dr. Stewart also testified that a blow such as appellant received by falling on the chair "could have" produced hernia. Dr. Emmert who testified as an expert witness on behalf of appellant, stated that he had examined appellant the day before the hearing, and found him suffering from right inguinal hernia; that "external injuries hardly ever" produce hernia. The witness during his examination was asked by appellant's attorney the following question: "Assume that Mr. Gardiner a man sixty-six or sixty-seven years old is engaged in lifting a chair up on a tier of chairs, and the chair slipped, and he became overbalanced and fell striking himself in the right groin with the sharp point of the runner of that chair, could such a blow as that produce any such a condition as you found in him?" To this question the witness answered, "No sir." The witness stated that when a man arrives at the age of appellant the muscles of his abdomen become weak, and that hernia is easily produced by a strain. Appellant refused to submit to an operation though his physicians recommended it. Charles Fauss, a witness for appellee, testified that during the time appellant was working for appellee in the chair factory, appellant asked him to help get a chair down from a pile, and as a reason for wanting assistance said that "while he was in the grocery business" before he took employment with appellee "he had sprained himself lifting a barrel of sugar." Appellant made no complaint to Fauss "about being hurt there in the factory." Appellant's wife attended the hearing and testified on behalf of her husband that notice of her husband's injury was by her given to appellee on November 27, 1920, but gave no testimony whatever as to the character of the injury of which her husband com-

plained, or that she knew he had an injury prior to the time he filed his application for compensation, although the evidence shows that she was living with appellant as his wife at the time he claims to have received the injury, and continuously thereafter until the hearing.

In a proceeding before the Industrial Board for compensation, one of the facts which must be found as a legal basis for an award is that the injury complained of arose out of and in the course of applicant's employment. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555. The burden of proving such fact rests upon the applicant for compensation. *New Castle Foundry Co.* v. *Lysher* (1918), 68 Ind. App. 509, 120 N. E. 713. On appeal only the evidence tending to sustain the award will be considered. *Haskell, etc., Car Co.* v. *Kay* (1918), 69 Ind. App. 545, 119 N. E. 811. It is the province of the Industrial Board to draw legitimate inferences from facts and circumstances proved, and on appeal it will be assumed that the board drew those inferences which are in harmony with and support the award. *Bachman* v. *Waterman* (1918), 68 Ind. App. 580, 121 N. E. 8. The findings of the Industrial Board have the same force as the finding of a court or a verdict of a jury, and are not to be set aside if there is evidence upon which they can rest. *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. 622, 126 N. E. 703; *Northern Indiana, etc., Co.* v. *Thomas* (1921), 77 Ind. App. 247, 133 N. E. 393.

In the light of the foregoing rules and principles, we have considered the evidence, and hold that there is sufficient evidence to sustain the finding and award.

Dausman and Nichols, JJ., dissent.