## 21519.  FULTON BAG & COTTON MILLS v. HAYNIE.

BROYLES, C. J.  1.  In a claim for compensation under the workmen's compensation act the burden is on the claimant to show that the injury to the employee arose both in the course of the employment and out of the employment.  Union Sanitary Mfg. Co. v. Davis, 64 Ind. App. 227 (115 N. E. 676).

2.  Under the provisions of the workmen's compensation act a claimant is not entitled to compensation where the injury to the deceased employee was the result of a fight between him and a fellow employee in which the deceased employee was the aggressor.  In such a case the injury was not an accident arising out of the employment within the meaning of the act.  Pease v. Employers &c. Cor., Mass. Work. Comp. Cas. No. 2202, 11 N. C. C. Ann. 239, 240; In re Luty, Ohio Ind. Comm. No. 95220, 11 N. C. C. Ann. 239; In re Burt, Ohio Ind. Comm. No. 82519, 11 N. C. C. Ann. 244, 245; Griffin v. Roberson, 176 App. Div. 6 (162 N. Y. Supp. 313).  See also, in this connection, Jacquemin v. Turner &c. Co., 92 Conn. 382 (103 Atl. 115, L. R. A. 1918E, 496); Martin v. Memphis &c. Co., 46 Fed. (2d) 989; Farmers Mfg. Co. v. Warfel, 144 Va. 98 (2) (131 S. E. 240); Union Sanitary Mfg. Co. v. Davis, supra.

3.  In the instant case the undisputed evidence showed that the deceased employee was killed in a fight between him and a subordinate employee in which the former was the aggressor.  Under the above-stated rulings the injury was not an accident arising out of the employment, and the award in favor of the claimant was error.  The cases cited by counsel for the claimant are distinguished by their particular facts from this case and the cases cited to support the instant ruling.

*Judgment reversed.  Luke, J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED JULY 15, 1931.

*Slaton & Hopkins,* for plaintiff in error.
*Bond Almand, Branch & Howard,* contra.