DELCO-REMY CORPORATION *v.* COTTON.

[No. 14,868. Filed April 26, 1933.]

*Everett E. McDaniels* and *Bagot, Free & Morrow*, for appellant.

*McTurnan & Higgins*, for appellee.

KIME, P. J.—This is an appeal from an award of compensation granted by the full Industrial Board to appellee for injuries sustained by him while in the employ of appellant. It appears by the evidence that appellee was employed in the factory of appellant as an inspector of certain mechanical parts known as starting motor clutches. There was also in the employ of appellant one Higginbothan, who was a group leader of several of appellant's employees engaged in the production of said clutches, it being the duty of the group leader to pass the clutches in proper condition to the inspector for his inspection and approval.

The evidence shows that at some time prior to the date of appellee's injury he and Higginbothan had had some difficulty regarding the condition in which the latter had presented the clutches for inspection; that Higginbothan

would take offense when work was rejected; that rejections by appellee for defects or improper condition of the clutches caused a loss in pay to Higginbothan, who was required to repair or recondition the clutches to appellee's satisfaction; that there had been some controversy between appellee and Higginbothan regarding the condition of some clutches which the latter had passed up for inspection on the particular morning and a short time before appellee was injured; that on the morning appellee was injured he had also had some words with Higginbothan regarding a political pamphlet which culminated in appellee taking hold of Higginbothan's apron and tearing same, whereupon Higginbothan retaliated by grabbing appellee's shirt and ripping off the front of same. Appellee then went to the wash room where he borrowed a knife from a fellow employee, returned and struck at Higginbothan, inflicting a slight cut in the latter's sweater. There was some discussion between the men, during which appellee called Higginbothan a vile name. A witness testified that both men worked at a table which was about three feet wide and fifteen feet long; that after the altercation appellee returned to his side of said table, opposite to where Higginbothan was working, and resumed his work. The evidence further shows that about fifteen or twenty minutes after the sweater-cutting incident Higginbothan threw a clutch plate at the appellee, causing the injury for which the board allowed him compensation.

There is evidence to the effect that appellee, at the time he was struck, had a clutch in one hand and a shaft in the other, and that he was working immediately prior to the time he was struck by the clutch plate. There is also some disagreement between the parties herein as to the exact time that appellee hurled the epithet at Higginbothan, but the evidence shows that appellee, on cross-examination, and in answer to the question, "At the time

you reached across the table and had this shaft in your hand, that is when you called him a 'son of a bitch?'" answered, "No, I did not, because I didn't reach across with any shaft so it wasn't at that time." There was also some evidence to the effect that the use of the above name was a frequent and common occurrence among the workmen, and the Board so found. It was also brought out that appellant had rules against scuffling, horse play, etc., but appellee testified that he had never seen nor heard of such rules. The full Board found that the injury was the result of an accident arising out of and in the course of appellee's employment and was not due to a wilful violation of appellant's rule nor to the commission of a misdemeanor by him.

The question for determination is: Under the facts stated, was the injury sustained by appellee one that arose out of his employment, as found by the Board. As before stated, the parties herein disagree as to the exact time that appellee called Higginbothan the vile name, appellant urging that the preponderance of evidence shows that same occurred immediately before appellee was struck. However, appellant, in its reply brief, specifically admits that there is some evidence to sustain the finding of the Board that appellee called Higginbothan the vile name some fifteen or twenty minutes before he was struck. It is true that a number of witnesses testified to the contrary, but, as this court said in *National Biscuit Company* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410, 412, "It is the province of the Industrial Board to determine, in the first instance, the ultimate facts of the case. If, in determining an ultimate fact, the Industrial Board reaches a legitimate conclusion upon the evidential facts, we must not disturb that conclusion even though we might prefer another conclusion which is equally legitimate." It is within the exclusive province of the Board to weigh the

evidence where same is conflicting, and give it such weight as the Board may think proper. We must reiterate the oft repeated rules that this court, on an appeal from an award of the Industrial Board will consider only such evidence as tends to sustain the award *Gardiner* v. *Cochran Chair Co.* (1922), 78 Ind. App. 94, 134 N. E. 873 and if there is any competent evidence which tends to sustain the finding of the Board, the award must be affirmed. *Milholland Sales & Engineering Co.* v. *Griffiths* (1932), 94 Ind. App. 62, 178 N. E. 458; *Ridley* v. *State Storage, Inc.* (1932), 93 Ind. App. 641, 179 N. E. 177.

In determining whether the accident arose "out of the employment" we find the case of *Polar Ice & Fuel Co. et al.* v. *Mulray* (1918), 67 Ind. App. 270, 119 N. E. 149, 150, very helpful. That case was distinguished from *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind.App. 227, 115 N. E. 676, which is cited and relied on by appellant. In the Polar Ice case this court said: "The rule is well established that a claim for compensation will not be denied simply because the accident occurred by reason of the unlawful and felonious act of some third person, if the employee actually sustained it by being specially and peculiarly exposed by the character and nature of his employment to the risk of the danger which befell him. In other words, when the injury results from the conditions surrounding an employee at the time of the accident and under which he was required to perform his duties, then generally speaking, it arises out of the employment." It is quite plausible that appellee, in the performance of his duties as inspector, may have incurred the enmity of Higginbothan by rejecting or complaining of work done by the latter, and, while it may be said that the inference that the accident in this cause was the result of a risk reasonably incident to appellee's employment, and therefore arose

out of his employment, is not the only inference which might be drawn from the evidence, yet it is a reasonable one, and since the Industrial Board has so concluded, we are required to uphold the award. *Polar Ice, etc., Co.* v. *Mulray, supra.*

We find no error in the award of the Board and the same is therefore affirmed, with the statutory 5 per cent penalty.