BELL *v.* MUTUAL HOME & SAVINGS ASSOCIATION.

[No. 16,186. Filed May 9, 1938.]

*Davis, Murray & Davis,* for appellant.

*E. J. Schneider, White, Wright & Boleman, William H. Deniston* and *George C. Forrey, III,* for appellee.

CURTIS, J.—This was an action before the Industrial Board of Indiana upon an application filed by the appellant against the appellee for the adjustment of his claim for compensation in which application the appellant alleged he suffered personal injuries by reason of an accident arising out of and in the course of his employment by the appellee, and that by reason of said injuries, he became totally disabled since the date of the accident. Upon the hearing of the claim before a single member, an award of compensation was made in the claimant's favor. From this award the appellee herein asked for and received a review before the full board. The full board denied compensation. That part of the full board's finding and award material to this opinion herein is as follows:

"And the full Industrial Board having heard the argument of counsel and having reviewed the evidence and being duly advised therein now finds that on August 20, 1937, the plaintiff was in the employ of the defendant at an average weekly wage of $48.00; that on November 10, 1937, the plaintiff filed his application for the adjustment of a claim for compensation.

"And the full Industrial Board by a majority of its members finds for the defendant on plaintiff's application that plaintiff suffered no disability or permanent partial impairment as the result of any

accidental injury arising out of and in the course of his employment with the defendant."

The order of the full board, joined in by four of its members, was in accordance with the finding and denied compensation.

It is from the above award of the full board that this appeal was prayed and perfected. The error assigned is that the award of the full Industrial Board is contrary to law. This assignment is sufficient to present all questions sought to have reviewed.

The evidence as to the alleged accident is not in dispute. It shows that the appellant, while performing a duty for the appellee, slipped and fell on a wet concrete floor. The appellant described the fall as one in which his feet slid out from under him and he sat down in a sitting position. He said that he was nauseated at the time. He continued to work the rest of that day and continuously thereafter until September 8, 1937. There was evidence before the board to the effect that the appellant knew that he was soon to be discharged and laid off by the appellee. The application for compensation alleged the injuries to be as follows:

"Injury to both legs, muscles, bones, nerves, skin and tissues."

Two doctors testified for the appellant and two for the appellee. The evidence produced by the appellant's doctors and that produced by the appellee's doctors was greatly in conflict.

The evidence of one doctor for the appellee, who made an X-ray examination, was that the X-ray picture showed no evidence of bone injury. The evidence of the other doctor for the appellee was that there was no external evidence of any fall when he examined the appellant and that the appellant had no injuries to the nerves or ligaments. With this evidence before the board, which it evidently believed, this

court is unable to say that the award is not sustained by some competent evidence. The rule is that where the Industrial Board has examined the evidence and made its finding of fact and made an order based thereon, that the Appellate Court will not disturb such finding so long as there is competent evidence to sustain it. This is especially true unless the evidence is of such a conclusive character as to force a conclusion contrary to that reached by the board. See *Claypool Machine Company* v. *Cripe* (1937), 104 Ind. App. 156, 10 N. E. (2d) 427; *Bickel* v. *Ralph Sollitt and Sons Construction Company* (1933), 97 Ind. App. 57, 184 N. E. 196; *Delco-Remy Corp.* v. *Cotton* (1933), 96 Ind. App. 493, 185 N. E. 341, and the cases therein cited.

The appellant argues in his brief that since the single member made an award in his favor and since there was evidence to sustain the finding of the single member that the full board upon review was bound by the finding of the single member. This is not the proper construction to be placed upon Section 60 of the Workmen's Compensation Act which provides that the full board upon an application for a review, shall review the evidence, hear additional evidence if it so desires and make an award. The full board in proceedings for a review is not bound by the finding of the single member.

Finding no reversible error, the award is affirmed.