GENERAL ACCIDENT, FIRE & LIFE ASSURANCE
CORPORATION, LIMITED, ET AL. *v.* WALDON.

[No. 18,066. Filed October 17, 1950. Rehearing denied
November 14, 1950. Transfer denied March 1, 1951.]

2

*White, Wright, Raub & Forrey,* of Indianapolis, for appellants.

*James T. Kent,* of Bloomington, for appellee.

DRAPER, J.—On September 27, 1947, the appellee cut his finger while handling pork for his employer, the appellant Bloomington Packing Company. He thereby contracted undulant fever, and was physically disabled until December 5, 1947, when he returned to work for the same employer. He received compensation for that period.

He was later again disabled from July 4, 1948, until April 4, 1949, and he filed his petition with the Industrial Board, alleging that the later disability was a recurrence of the first. The Board found that the second period of disability was a recurrence of the first, and resulted from the accidental injury which the appellee sustained in September of 1947, and compensation for the second period was awarded accordingly.

On March 1, 1948, which was during the interval between the two periods of disability, and while the appellee was again at work, the appellant General Accident Fire and Life Assurance Corporation, Ltd., was succeeded by another insurance carrier. The effect of the award is, of course, to throw the loss on the appellant insurance company, and not on the company which succeeded it on the risk.

The appellant insurance company insists that if the appellee's second period of disability was caused by undulant fever, it is still not shown by the evidence that it resulted from the accidental injury suffered by appellee in September of 1947, when appellant insurance company was on the risk, but on the contrary it might have been caused by a later accident which occurred after the risk had been assumed by the other company.

The evidence is conclusive that the appellee did contract undulant fever as the result of the accident in September of 1947, and that he was disabled thereby until December 5, 1947. It is also established that the appellee exhibited symptoms of undulant fever in July of 1948, and a blood test disclosed the presence of that malady at that time. But the evidence further discloses that the appellee cut his finger several times while working for the packing company. The record does not reveal when such accidents

occurred, however, with the exception that on March 20, 1948, the appellee cut himself so severely that he required and received medical attention. While appellee's doctor admitted that he could not tell with certainty whether the second attack was a recurrence of the first or resulted from a new infection, he testified that if the appellee had become reinfected in March the symptoms would probably have shown up before late June or July, and in his opinion the appellee's second period of disability was a recurrence of the old infection. The appellee testified that he never completely recovered his good health from the time of the accident in September of 1947 until he was again disabled in July of 1948; that he did not regain his lost weight or have the "pep" he should have. We are of the opinion that this evidence is sufficient to establish the fact that the disability commencing in July of 1948 resulted from a recurrence of the disease which was caused by the accident of September 27, 1947. The appellee was not required to present such proof as would entirely exclude the possibility that the second period of disability resulted from a new infection. Small, *Workmen's Compensation,* § 63, p. 119; *Indiana Power, etc., Co.* v. *Miller* (1920), 73 Ind. App. 521, 127 N. E. 837; *Bucyrus Co.* v. *Townsend* (1917), 65 Ind. App. 687, 117 N. E. 656.

On or about the 10th of September, 1948, the appellee was given a shot for undulant fever. The reaction was severe and he was sent to the hospital on September 16, where he remained until November 23. There was no direct expert testimony to the effect that he was suffering with undulant fever at the exact time of his admission to the hospital, or thereafter.

The appellant produced a physician who had seen the appellee in the hospital, and who had studied the hospital charts and records. He testified that in his

opinion the appellee was not disabled by undulant fever when he entered the hospital or during his confinement there, although he admitted that such was possible. He thought the appellee exhibited a symptom complex which could not properly be classified as a disease. He expressed the opinion that this syndrome was unrelated to undulant fever, but admitted that the cause was actually unknown to medical science.

It is for the Industrial Board to determine what weight and credit should be given to the opinions expressed by this physician. 32 C. J. S., Evidence, p. 396, § 569c. In our opinion this testimony, any question of credibility aside, was not of such a character that reasonable men would be forced to conclude, in the face of the other evidence on the subject, that appellee's disability was not caused by undulant fever.

We think the award is sustained by substantial evidence, and it should be affirmed with the statutory five percent increase.

So ordered.

NOTE.—Reported in 94 N. E. 2d 487.