RANDALL GOLDEN *v.* INLAND STEEL COMPANY.

[No. 2-775A191. Filed October 28, 1976.]

*Jerry L. Colglazier, Bainbridge, Colglazier, Eskridge & Tweedle,* of Highland, for appellant.

*Joseph E. Tinkham, James E. Schreiner, Travis, Tinkham & Schreiner,* of Hammond, *Karl J. Stipher, Robert J. Bremer, Baker & Daniels,* of Indianapolis, for appellee.

WHITE, J.—The appellant (Golden) appeals from an Industrial Board decision denying his application for workmen's compensation benefits for an injury suffered on his employer's (Inland's) parking lot.

The Industrial Board found:

"That on the 19th day of April, 1973, at approximately 5:20 A.M., while plaintiff was proceeding to work on Cline Avenue, a public highway, he was involved in a traffic incident with another vehicle whereby a collision nearly occurred. The other vehicle was operated by one Edward Farley. Plaintiff proceeded into defendant's parking lot as did the other vehicle and the other vehicle pulled into a parking place next to plaintiff's. Both drivers left their vehicles and said Farley started talking loudly and asked why plaintiff had 'cut him off' whereby words were exchanged and said Farley struck plaintiff in the mouth causing him the loss of six permanent teeth.

"It is further found that plaintiff's condition did not arise out of nor in the course of his employment, but is wholly unrelated to his employment by defendant herein."

Golden does not challenge the accuracy of the specific facts as found by the Board. His disagreement is with the Board's conclusion that his "condition [i.e., injury] did not arise out of nor in the course of his employment, but is wholly unrelated to his employment . . . ."

It appears to us, however, that the facts lead inescapably to the conclusion that it was the traffic incident which occurred on a public highway "while [Golden] was proceeding to work" (therefore while he was not working) which motivated his assailant to strike Golden. Thus Golden did not sustain his injury "by being specially and peculiarly exposed by the character and the nature of his employment to the risk of the danger which befell him." *Polar Ice & Fuel Co.* v. *Mulray* (1918), 67 Ind. App. 270, 273, 119 N.E. 149, 150; *Delco-Remy Corp.* v. *Cotton* (1933), 96 Ind. App. 493, 497, 185 N.E. 341; *Burkhart* v. *Wells Electronics Corp.* (1966), 139 Ind. App. 658, 215 N.E.2d 879.

The award is affirmed.

Hoffman, J. (participating by designation), concurs; Sullivan, J., concurs in result.

NOTE.—Reported at 359 N.E.2d 252.