**Conrad and Alice PEAVLER, as Personal Representatives of the Estate of Cherlyn M. Peavler and as Legal Guardians for and on behalf of Alicia Marie Peavler, a minor, Appellants–Plaintiffs,**

v.

**MITCHELL & SCOTT MACHINE COMPANY, INC., Appellee–Defendant.**

No. 49A05–9311–CV–439.[1]

Court of Appeals of Indiana, First District.

Aug. 17, 1994.

Rehearing Denied Oct. 25, 1994.

---

1. This case was transferred to this office on July 12, 1994, by direction of the Chief Judge.

Gail M. Valentine, Phillip L. Stewart & Associates, Carmel, for appellants.

Jim A. O'Neal, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

ROBERTSON, Judge.

Plaintiffs–Appellants, Conrad and Alice Peavler, as the Personal Representatives of the Estate of Cherlyn M. Peavler, and as Legal Guardians for and on behalf of Alicia Marie Peavler, a minor, [Peavler] appeal the granting of Defendant–Appellee, Mitchell & Scott Machine Company, Inc.'s [Employer] motion for judgment on the pleadings. Peavler raises five related issues, which we re-state and consolidate into one analysis. The dispositive issue may be stated as:

> whether Peavler's claim against the Employer is barred by the exclusive remedy provision of the Indiana Worker's Compensation Act?

## FACTS

The operative facts are not disputed. Cherlyn M. Peavler was an employee of Employer. On May 23, 1991, Cherlyn was working in Employer's plant when her ex-boyfriend entered the plant and shot Cherlyn to death. The ex-boyfriend had entered the plant on an earlier occasion and had been escorted out of the plant by Employer's production coordinator. At the time of the shooting, there had been no security guards at the plant and the ex-boyfriend had not reported to anyone before entering the plant.

Peavler brought the present lawsuit alleging the Employer's negligence in failing to provide Cherlyn a reasonably safe work place was the proximate cause of her death. Peavler alleged that because the ex-boyfriend had previously entered the plant and threatened Cherlyn, the Employer was aware of the danger the ex-boyfriend posed to Cherlyn and was negligent in failing to take more reasonable safety precautions to protect her. The Employer moved for judgment on the pleadings arguing that the trial court lacked subject matter jurisdiction because Peavler's claim was barred by the exclusivity provision of the Worker's Compensation Act. The trial court granted the Employer's motion and this appeal ensued.

## DECISION

At the outset, we note that the Employer's use of a motion for judgment on the pleadings was incorrect, as the appropriate motion to be employed when attacking the trial court's subject matter jurisdiction based on the exclusivity provision of the Worker's Compensation Act is a motion to dismiss under Ind.Trial Rule 12(B)(1). *Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. Whether the Worker's Com-

pensation Board and not the trial court had jurisdiction is a question on which the opponent of jurisdiction has the burden of proof. *Id.* There is a strong public policy favoring the coverage of employees under the Act. *Id.* Thus, when the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate grounds for taking the claim outside the Act. *Id.*

■ When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes. *Id.* The court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and it may consider, not only the complaint and motion, but any affidavits or other evidence submitted. *Id.*

Indiana Code 22–3–2–6, known as the exclusive remedy provision of the Worker's Compensation Act, reads:

> The rights and remedies granted to an employee subject to [the Worker's Compensation Act] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, …

The Worker's Compensation Act covers only accidents that arise out of and in the course of employment. I.C. 22–3–2–2; *Evans v. Yankeetown Dock Corporation* (1986), Ind., 491 N.E.2d 969.

■ All risks causing injury or death to an employee may be outlined in three categories; 1) risks distinctly associated with the employment, 2) risks personal to the claimant, and 3) "neutral" risks which have no particular employment or personal character. *K–Mart Corporation v. Novak* (1988), Ind. App., 521 N.E.2d 1346, n. 1; 1 Larson, *Workmen's Compensation Law* §§ 7.00–7.30 (1985). Generally, the risks that fall in the first and third categories are covered by the Indiana Worker's Compensation Act. *K–Mart*, 521 N.E.2d 1346, n. 1. However, harms which arise in the second category, from risks personal to the claimant/employ-

ee, are universally noncompensable. 1 Larson § 7.00. If the employee has a mortal personal enemy who finds and murders the employee while the employee is at work, the employment cannot be said to have had any causal relationship to the death. ·1 Larson § 7.20. When the animosity or dispute that culminates in an assault on the employee is imported into the workplace from the claimant's domestic or private life, and is not exacerbated by the employment, the assault cannot be said to arise out of the employment under any circumstances. 1 Larson § 11.21.

■ Indiana follows the general rule that a personal squabble with a third person that culminates in an assault is not compensable under the Worker's Compensation Act. *Wayne Adams Buick, Inc. v. Ference* (1981), Ind.App., 421 N.E.2d 733, *trans. denied.* However, where the assault is one which might be reasonably anticipated because of the general character of the work, or other particular duties imposed on the worker (a "neutral" risk), such injuries or death may be found to arise out of the employment. *Id.* Moreover, in *Golden v. Inland Steel Company* (1976), 171 Ind.App. 233, 359 N.E.2d 252, an employee was involved in a traffic incident with another motorist (not related to the employer) on his way to work. The other motorist followed the employee into the employer's parking lot and struck him in the mouth, knocking out six teeth. We held that since the altercation in the parking lot arose out of the traffic incident on the public highway (a risk personal to the claimant), the employee's injury did not arise out of or in the course of his employment and was not covered under the Act. *Id.* 359 N.E.2d at 253.

■ In the present case, Cherlyn was murdered by her ex-boyfriend; the animosity that culminated in the murder at the Employer's plant arose out of Cherlyn's domestic or private life. While Peavler has alleged that the Employer was negligent in failing to protect Cherlyn from the attack, there has been no contention, or evidence which would reasonably support such a contention, that the character of Cherlyn's work or the particular duties imposed upon her through her employment exacerbated the risk that she

would be assaulted by her former boyfriend at work. As such, Cherlyn's death resulted from a risk personal to her and did not arise out of and in the course of her employment. Therefore, Peavler's claim is not compensable under the Worker's Compensation Act.

Peavler's claim is not barred by the exclusive remedy provision of the Act. Peavler has established subject matter jurisdiction in the trial court. Therefore, we must reverse and remand. *See Perry*, 637 N.E.2d 1282.

Judgment reversed.

NAJAM and KIRSCH, JJ., concur.