**EAGLEDALE ENTERPRISES, LLC d/b/a Club Mecca, Appellant–Defendants**

v.

**Danielle COX and Martine Spencer, Appellee–Plaintiffs.**

No. 49A04–0401–CV–45.

Court of Appeals of Indiana.

Oct. 28, 2004.

Swaray E. Conteh, The Law Office of Swaray Conteh, LLC, Indianapolis, IN, Attorneys for Appellant.

T.R. Fox, Indianapolis, IN, Attorney for Appellees.

## OPINION

ROBB, Judge.

Eagledale Enterprises, LLC, doing business as Club Mecca ("the Club"), appeals the trial court's judgment in favor of Martine Spencer and Danielle Cox that awarded them damages for injuries they suffered as a result of an altercation that occurred inside the Club. We affirm.

### Issues

The Club presents two issues for our review, which we restate as the following:

1. Whether the trial court properly denied the Club's motion to dismiss for lack of subject matter jurisdiction; and

2. Whether sufficient evidence existed to support the trial court's judgment in favor of Spencer and Cox.

### Facts and Procedural History

In the early morning hours of March 23, 2001, Cox was a patron at the Club, a nightclub in Indianapolis, Indiana. Cox was in the "VIP area," which is on the second floor of the Club. Spencer, the paternal grandmother of Cox' three children, was working as a bartender at the Club that night. Sometime that evening, Spenc-

er closed down her bar and joined Cox in the VIP area of the Club. Spencer subsequently went to the bar to get a beer, and during that time, some female patrons at the Club physically attacked Cox. Spencer saw the altercation and eventually stepped in to assist Cox. As a result of her intervention, Spencer's arm was broken during the altercation. Cox also suffered injuries from the fight, including a black eye.

Spencer and Cox subsequently filed a complaint for damages against the Club, alleging that the Club negligently failed to provide security and protection while Spencer and Cox were at the Club. Prior to trial, the Club filed a motion to dismiss, alleging that the trial court did not have subject matter jurisdiction over Spencer's claim because Spencer, an employee of the Club, was working that night when she was injured, so Spencer should have sought compensation for her injuries under the Club's worker's compensation insurance. The trial court denied the motion. After a bench trial, the trial court entered a general judgment for Spencer and Cox, and awarded them damages. The Club now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

The Club contends the following: (1) the trial court erred in denying the Club's motion to dismiss for lack of subject matter jurisdiction; and (2) sufficient evidence did not exist to support the trial court's finding that the Club not only breached its duty to protect Spencer and Cox from injury while they were patrons inside the Club, but such breach caused Spencer and Cox's injuries.[1]

### I. Motion to Dismiss

■ The Club first contends the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction. More specifically, the Club argues that the trial court lacked subject matter jurisdiction over Spencer's claim because her claim fell within the exclusivity provision of the Indiana Worker's Compensation Act ("the Act"). We disagree.

### A. Standard of Review

■ The standard of appellate review for a motion to dismiss for lack of subject matter jurisdiction is a function of what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). In other words, the applicable standard of review is dependent upon "(i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *Id.* If, as here, the facts before the trial court were not in dispute, then the standard of review is *de novo* because the issue of subject matter jurisdiction is a question purely of law. *Id.*

■ When challenging the trial court's jurisdiction, the employer bears the burden of proving that the employee's claim falls within the purview of the Act, unless the employee's complaint demonstrates the existence of an employment relationship. *Id.* at 404. In this case, Spencer's complaint did not demonstrate the existence of an employment relationship between the Club and Spencer, so the Club carried the burden of establishing that Spencer's claim fell within the exclusivity provision of the Act.

---

1. We note at the outset that Spencer and Cox failed to file an appellee's brief. When an appellee does not submit a brief, we apply a less stringent standard of review. *Murfitt v. Murfitt,* 809 N.E.2d 332, 333 (Ind.Ct.App. 2004). We may reverse if the appellant establishes *prima facie* error. *Id.* If the appellant fails to sustain that burden, however, we will affirm. *Id.* We will not undertake the burden of developing arguments for the appellee. *Id.*

## B. Subject Matter Jurisdiction

▓ The exclusivity provision of the Act limits an employee to the rights and remedies provided by the Act where an employee's injury meets the jurisdictional requirements of the Act. *See* Ind.Code § 22–3–2–6. For an injury to be compensable under the Act, it must both arise "out of" and "in the course of" the employment. *Greenberg News Network v. Frederick,* 793 N.E.2d 311, 316 (Ind.Ct.App. 2003). The phrase "arising out of" refers to the origin and cause of the injury; the phrase "in the course of" refers to the time, place and circumstances under which the injury occurred. *Nelson v. Denkins,* 598 N.E.2d 558, 561 (Ind.Ct.App.1992), quoting *Skinner v. Martin,* 455 N.E.2d 1168, 1170 (Ind.Ct.App.1983). Thus, for an injury to arise out of and in the course of employment, it must occur within the period of employment, at a place or area where the employee may reasonably be, and while the employee is engaged in an activity at least incidental to his employment. *Price v. R & A Sales,* 773 N.E.2d 873, 875 (Ind.Ct.App.2002), *trans. denied.*

Spencer testified to the following: On the evening of the altercation, Spencer was working at the Club as a bartender. Spencer had known Cox for about fifteen years prior to this incident, and she decided to join Cox in the VIP area of the Club. Spencer stated, "My bar had closed, I was finished and I came up and sat with [Cox].... " Tr. at 18. Spencer later testified that she was still "on the clock" but on a work break when she joined Cox in the VIP area. After she was injured while intervening in the altercation, Spencer testified that the Club did not mention anything to her about coverage under its worker's compensation insurance, and it did not provide her with any forms to fill out or instruct her to see a specific doctor about her injury.

▓ In this case, the facts are not in dispute that Spencer's injuries occurred while she was within her period of employment and at her employer's nightclub. The issue, then, is whether Spencer was engaged in an activity that was at least incidental to her employment.

> [O]rdinarily an assault by a third person not connected to the employment cannot be considered incidental to the employment. A personal squabble with a third person culminating in an assault is not compensable. However, where the assault is one which might be reasonably anticipated because of the general character of the work, or the particular duties imposed upon the workman, such as a baking route salesman who carried money and was shot and robbed, or a night watchman killed by intruders, such injuries and death may be found to arise out of the employment.

*Wayne Adams Buick, Inc. v. Ference,* 421 N.E.2d 733, 736–37 (Ind.Ct.App.1981) (citations omitted).

As discussed earlier, the Club bore the burden of showing that Spencer's injury fell within the purview of the Act. Thus, the Club was required to present evidence that Spencer was engaged in an activity that was at least incidental to her employment when she was injured. The Club, however, failed to do so. It did not present any evidence that because of the general character of Spencer's work, or because of the duties the Club imposed upon her, the assault could be reasonably anticipated. The mere fact that the Club hired security officers to protect its patrons suggests that Spencer was engaged in an activity that was *not* in the general character of her work or a part of her particular duties. Because the Club did not meet its burden, the trial court did not err in denying the Club's motion to dismiss.

## II. Negligence

The Club next contends sufficient evidence did not exist to support the trial court's judgment in favor of Spencer and Cox. To establish a claim of negligence, a plaintiff must show: (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; and (3) that the breach proximately caused the plaintiff's injury. *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991). "Proprietors owe a duty to their business invitees to use reasonable care to protect them from injury caused by other patrons and guests on their premises, including providing adequate staff to police and control disorderly conduct." *Muex v. Hindel Bowling Lanes, Inc.,* 596 N.E.2d 263, 266 (Ind.Ct. App.1992). This duty, however, extends only to harm from the conduct of third persons that, under the facts of a particular case, is reasonably foreseeable to the proprietor. *Id.* at 267.

In the instant case, the Club does not dispute that it owed a duty of reasonable care to its patrons. Instead, the Club contends Spencer and Cox failed to present sufficient evidence to show that (1) the Club breached the duty it owed to its patrons to use reasonable care in order to protect them from injury; and (2) even if a breach existed, the breach was not the proximate cause of Spencer and Cox's injuries. We disagree.

### A. Standard of Review

In reviewing general judgments issued in a civil case tried to the bench, we ask only "whether there is substantial evidence of probative value supporting the verdict on any legal theory." *Bayh v. Sonnenburg,* 573 N.E.2d 398, 402 n. 5 (Ind.1991), *cert. denied,* 502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 415 (1992). We neither reweigh evidence nor judge the credibility of witnesses, and we consider only the evidence most favorable to the prevailing party along with all reasonable inferences to be drawn therefrom. *Id.* Conflicts in the evidence do not render the evidence insufficient if there is relevant evidence to support the claim. *Foman v. Moss,* 681 N.E.2d 1113, 1116 (Ind.Ct.App.1997).

### B. Breach of Duty

Sufficient evidence existed to support the trial court's finding that the Club breached its duty of care to Spencer and Cox. At trial, Spencer and Cox presented evidence that the Club breached its duty by failing to provide adequate security. All parties basically agreed that there were as many as twenty security officers working on the night of the altercation. Spencer testified that in the VIP area, at least one security officer was supposed to be posted at each stairwell leading up to the VIP area. However, Spencer testified that when Cox was attacked, Spencer looked for, but did not see, any security officers in the VIP area or near the stairwells. Shanette Dixon, Cox's friend who was also at the Club that night, testified that she was on one stairwell going up to the VIP area when the other patrons attacked Cox, and she did not see any security on or near the stairwell at that time.

Furthermore, Spencer, Cox, Dixon, and Baretta Jackson, an employee at the Club, all testified that the Club had a dress code that did not allow patrons into the Club if they were wearing tennis shoes, jeans, sweat suits, or hats. Spencer and Cox both testified that the patrons who attacked them that night were wearing tennis shoes, hats, jeans, and sweat suits.

The Club does not contend security officers were at their posts in the VIP area when the fight broke out; instead, the Club contends the number of security officers working that evening was adequate security to protect its patrons from injury. Additionally, Kenneth Thorpe, a manager

at the Club, testified that the dress code only applied on Saturday night, not on Thursday night, when the altercation occurred. Nonetheless, sufficient evidence existed to support the trial court's finding that the Club breached its duty because security was negligent in (1) not responding quickly enough to break up the altercation; and (2) allowing the patrons who attacked Cox to enter the Club, even though they did not conform to the Club's dress code. The Club's argument asks us to reweigh the evidence and judge the credibility of the witnesses, an invitation we decline.

### C. Proximate Cause

 Sufficient evidence also existed to support the trial court's judgment that the Club's breach was a proximate cause of Spencer and Cox's injuries. In order for a wrongdoer's breach to be a proximate cause of one's injuries, the ultimate injuries must be ones that are reasonably foreseeable as the natural and probable consequence of the breach. *Vernon v. Kroger Co.*, 712 N.E.2d 976, 981 (Ind.1999) (quoting *Havert v. Caldwell*, 452 N.E.2d 154, 158 (Ind.1983)). However, an intervening or superseding cause can legally break the chain of causation and relieve the original wrongdoer of responsibility. *Vernon*, 712 N.E.2d at 981. This occurs when the harm resulting from the intervening or superseding cause was not reasonably foreseeable by the original wrongdoer. *Id.* (quoting *Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 520 (Ind.1994)).

Spencer and Cox presented sufficient evidence to show that their injuries were reasonably foreseeable by the Club. Thorpe testified that the Club employed a large number of security officers to protect its patrons' safety. In fact, as many as twenty security officers were working in the Club on the night of the altercation. Additionally, when asked how many police runs have been made to the Club since its opening, Thorpe testified, "because we have [Indianapolis Police Department] officers [posted outside the Club,] they don't have to make runs." Tr. at 103. It was reasonable to infer that because of the large number of security officers employed by the Club, and because the Club posted police officers outside so that they could respond immediately to any situations that occurred inside, a fight amongst patrons of the Club was reasonably foreseeable by the Club. Thus, Spencer and Cox's injuries as a result of the altercation inside the Club were also reasonably foreseeable. *See Vernon*, 712 N.E.2d at 981 (holding factfinder could reasonably conclude that shopper's injuries were reasonably foreseeable where crime was not uncommon in and around grocery store, as evidenced by the number of security officers employed to investigate and prevent shoplifting as well as the number of police runs made to the store for crimes that threatened personal safety).

### Conclusion

Accordingly, we hold the trial court did not err in denying the Club's motion to dismiss. Furthermore, sufficient evidence existed to support the trial court's findings that the Club breached its duty to protect its patrons and that such breach proximately caused Spencer and Cox's injuries. For these reasons, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, C.J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I respectfully dissent. In my view, the trial court should have granted the Club's motion to dismiss Spencer's complaint for lack of subject matter jurisdiction in light of the Exclusivity Clause of the Indiana

Worker's Compensation Act (the Act). As set forth in Indiana Code section 22–3–2–6:

The rights and remedies granted to an employee subject to the Worker's Compensation Act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

In construing the type of coverage that is compensable under the Act, this court has acknowledged that a personal squabble with a third person that culminates in an assault is generally not covered. *Peavler v. Mitchell & Scott Machine Co., Inc.*, 638 N.E.2d 879, 881 (Ind.Ct.App.1994). By the same token, if the assault is one that might be reasonably anticipated because of the general character of the work, or other particular duties imposed on the worker, such injuries or death may be found to arise out of the employment. *Id.*

In this case, I embrace the majority's view that the record establishes that Spencer's injuries occurred while she was "within her period of employment and at her employer's nightclub." *See* op. at 921. However, it is undisputed that Spencer voluntarily joined in the brawl that had originally ignited between Cox and the other female patrons. Hence, it is my view that this assault—and the injuries that Spencer sustained—was of the type that could have been anticipated arising from Spencer's employment. Further, while the majority posits that "the Club did not mention anything to her about coverage under its worker's compensation insurance," op. at 921, Spencer admitted that she knew she had Worker's Compensation coverage through Eagledale and the Club. Appellant's App. p. 23. Spencer continued to work at the Club after the incident, and she never submitted any medical bills to her employer that it refused to pay. It is apparent to me that, under these circumstances, Spencer simply failed to avail herself of the exclusive remedy under the Act. As a result, the Club's motion to dismiss Spencer's claim for lack of subject matter jurisdiction should have been granted.

I also dissent because the evidence in the record does not establish that the Club breached its duty of care to either plaintiff, and there is no showing that any purported breach was the proximate cause of their injuries. To be sure, the determination of whether a landowner owed an invitee a duty to take reasonable care to protect the invitee against a third party criminal attack requires consideration of the totality of the circumstances to determine whether the criminal act was reasonably foreseeable. *Paragon Family Restaurant v. Bartolini*, 799 N.E.2d 1048, 1052–53 (Ind. 2003). This analysis involves an examination of "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents." *Id.* It has been established that a business owner is not the insurer of the safety of their patrons. *Gunter v. Village Pub*, 606 N.E.2d 1310, 1312 (Ind.Ct.App.1993). Additionally, there is no duty on the part of a business owner to protect its patrons from the criminal acts of third persons unless the particular facts make it reasonably foreseeable that the criminal act will occur. *Fast Eddie's v. Hall*, 688 N.E.2d 1270, 1272–73 (Ind.Ct.App.1997).

I would also note that the proximate cause of an injury is not merely the direct or close cause; rather, it is the negligent act that resulted in an injury that was the act's natural and probable consequence in light of the circumstances. *City of Indianapolis Hous. Auth. v. Pippin*, 726 N.E.2d 341, 346 (Ind.Ct.App.2000). Moreover,

when a willful, malicious and criminal act of a third party intervenes between an alleged act of negligence and the occurrence of an injury that could not reasonably have been foreseen by the allegedly negligent party, the causal chain between the negligence and the injury is broken. *See Ellis v. Luxbury Hotels, Inc.*, 666 N.E.2d 1262, 1266 (Ind.Ct.App.1996). Put another way, "liability may not be imposed on an original negligent actor who sets in motion a chain of events if the ultimate injury was not reasonably foreseeable as the natural and probable consequence of the act or omission." *Paragon*, 799 N.E.2d at 1054.

In this case, the majority observes that the patrons who attacked Spencer and Cox were wearing "tennis shoes, hats, jeans, and sweat suits," in violation of the Club's dress code. Op. at 922. To me, even assuming that patrons were granted entry to the Club in violation of the facility's dress code, there is no logical nexus between the admission of patrons into the premises dressed in that fashion and a breach of the Club's duty to provide the plaintiffs with adequate security.

Additionally, the manager of the Club testified that approximately 700–800 patrons entered the Club on the night of the incident, and eighteen to twenty-two security guards were working on that particular evening.[2] There was simply no showing made by the plaintiffs that this number of security personnel was insufficient to protect the safety of those who entered the premises. Neither Cox nor Spencer presented evidence establishing that the Club had been aware of any prior actions on the part of the female patrons who had attacked Cox. In other words, Cox and Spencer failed to show that the Club was

aware of the assailants' propensities to commit the criminal act that was involved here. Thus, I cannot agree that the plaintiffs proved by a preponderance of the evidence that the Club breached any duty of care that was owed to them.

Taking yet another step, I would also note that nothing in the record suggests that an alleged breach of duty on the part of the Club was the proximate cause of the plaintiffs' injuries. In essence, Cox and Spencer are suggesting that the assault was foreseeable based on the notion that a physical altercation could occur simply because a patron is permitted to enter the Club in violation of the dress code. To me, such an assertion is unfounded, and an insurmountable burden would be imposed on the business owner if such were the case.

That said, I must conclude—for all these reasons—that the evidence was insufficient to establish a causal relationship between the Club's alleged breach of duty and the injuries that were sustained in the altercation. Hence, I vote to reverse the judgment of the trial court.

---

2. Spencer testified that she observed twenty-four security guards at the Club that evening.

Appellant's App. p. 12.